GOVERNMENT OF THE VIRGIN ISLANDS

v.

ALBION WILLIAM BODLE, Appellant

No. 17551

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie January 27, 1970

Decided May 20, 1970

Socrates Mamakos, Esq. (Mamakos & Mallick), San Francisco, California, *for appellant*

Robert M. Carney, Esq., United States Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before HASTIE, *Chief Judge*, STALEY and GANEY, *Circuit Judges*

STALEY, *Circuit Judge*

 Albion William Bodle appeals from a judgment of conviction and sentence rendered in the District Court of the Virgin Islands after a jury trial. The jury returned a verdict of guilty against the appellant for forcible rape. A second count in the indictment, charging rape by intoxication, was not submitted to the jury because the evidence adduced by the government fell short of proving it. Shortly after the completion of the trial, it was learned that a juror, one Ronald Blyden, had had a sister who had been the victim of a forcible rape and murder in 1964. Appellant asserts, *inter alia*, that Juror Blyden's presence on the jury constituted a violation of his right to trial by an impartial jury as guaranteed by the Sixth Amendment.[1] The same contention was made in support of a motion for a new trial which was summarily denied by the district court.

The assailant in the case involving Blyden's sister had pleaded not guilty and had been found guilty of assault and homicide after trial in 1965. No disclosure of this information was made by Juror Blyden at the voir dire in the instant case in 1968. Although no questions were

---

[1] The Virgin Islands is a territory of the United States; however, its status is that of an unincorporated territory. Smith v. Govt. of the Virgin Islands, 6 V.I. 136, 375 F.2d 714, 718 (C.A. 3, 1967). All aspects of the Constitution de not *ex proprio vigore* become operative in unincorporated territories, and until a territory is incorporated into the United States, full constitutional guarantees remain in abeyance. Govt. of the Virgin Islands v. Rijos, 6 V.I. 475, 285 F.Supp. 126, 129 (D.C.V.I., 1968); Rivera v. Govt. of the Virgin Islands, 6 V.I. 155, 375 F.2d 988 (C.A. 3, 1967). The Sixth Amendment guarantee of a trial by a jury in all criminal prosecutions is deemed a remedial right which is not among the fundamental rights which Congress in legislation for an unincorporated territory such as the Virgin Islands must secure to its inhabitants. Balzac v. Porto Rico, 258 U.S. 298, 304–05 (1922); Rivera v. Govt. of the Virgin Islands, supra. Congress, however, has provided the right to a jury trial in criminal cases to the inhabitants of the Virgin Islands by virtue of the Revised Organic Act of 1954, 48 U.S.C. § 1406(c). Thus, basic guarantees similar to those of the Sixth Amendment are involved in the instant case.

put specifically to him, there were several questions asked of the veniremen generally that were intended to elicit information as to possible bias or prejudice on the part of any juror for the crime of rape.

■ The cases dealing with this issue are far too numerous to list or to distinguish individually. Some courts hold that the undisclosed fact was inherently prejudicial as a matter of law, see United States v. Chapman, 158 F.2d 417 (C.A. 10, 1947). Distinctions are drawn as to various aspects of the problem such as whether the failure of the juror to disclose material information acted to prevent the exercise of the peremptory right to exclude him from the jury, see Photostat Corp. v. Ball, 338 F.2d 783 (C.A. 10, 1964). Courts have refused to order new trials in cases where the basis for challenge was known or with reasonable diligence could have been discovered, holding that the failure to make an objection is a conclusive waiver of the right to challenge, see Johnson v. Hill, 274 F.2d 110 (C.A. 8, 1960). This court has held that the failure of a juror to reveal that he was related to a material witness in a criminal case resulted in such fundamental unfairness as to constitute a denial of due process of law. United States ex rel. Fletcher v. Cavell, 287 F.2d 792 (C.A. 3), cert. denied, 366 U.S. 944 (1961). The same fundamental unfairness and denial of due process was found in United States ex rel. DeVita v. McCorkle, 248 F.2d 1 (C.A. 3), cert. denied, 355 U.S. 873 (1957). That case involved the presence on the jury of one who had been held up and robbed a short time prior to the crime being prosecuted, murder arising out of armed robbery.

■ We do not think that Juror Blyden's presence on the jury in the instant case created a situation so fundamentally unfair as to constitute a denial of due process of law. Nor do we think that the case is one which reached

510

constitutional proportions under a Sixth Amendment argument. However, our review of convictions in the Federal courts is not limited to the determination of the constitutional validity of such convictions. The courts of appeals have broad powers of supervision over the administration of criminal justice in the Federal courts. McNabb v. United States, 318 U.S. 332 (1942); Bartone v. United States, 375 U.S. 52 (1963); United States v. Chapman, supra. A study of the record in this case convinces us that the undisclosed information regarding Juror Blyden's sister created a substantial possibility that Blyden was not capable of objective determination of the facts of the case. Under these circumstances, appellant is entitled to a new trial.

We need not consider the other contentions made by appellant in view of our disposition of this case.

Accordingly, the judgment of the district court will be reversed and a new trial granted.