**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**GERWAIN BOYNES, d.o.b. 07/26/62, Defendant**

Criminal No. F426/2002

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

April 9, 2003

195

BRENDA SCALES, ESQ., Virgin Islands Department of Justice, St. Thomas, U.S. Virgin Islands, *Attorney for Plaintiff*

JESSE BETHEL, ESQ., Office of the Territorial Public Defender, St. Thomas, U.S. Virgin Islands, *Attorney for Defendant*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(April 9, 2003)

This matter came before the Court on Defendant's motion for a jury trial filed January 27, 2003. The Government has not filed any response. For the reasons that follow, this Court shall deny the motion.

## I. FACTS AND PROCEDURAL HISTORY

On Thursday, January 2, 2003, Defendant Boynes was arraigned.[1] The Government of the Virgin Islands was represented through the V.I. Department of Justice, Brenda Scales, Esq., Assistant Attorney General. Defendant Gerwain Boynes was represented by the Office of the Territorial Public Defender, Jesse Bethel, Esq. Through his counsel, Defendant waived a reading of the information, entered a plea of not guilty to the three (3) count information, and requested the deadline dates for discovery. Neither the Government nor the Defendant demanded a jury trial during the arraignment. Immediately following his arraignment, Defendant left the courtroom. Sometime during the course of conducting a subsequent arraignment for another defendant, defense counsel

---

[1] Defendant contends in his motion that the arraignment date was December 19, 2002. The memorandum of proceedings in the case file indicates the date was January 2, 2003.

requested that a jury demand be belatedly invoked in the Boynes case. The Court directed counsel to submit the authority for the delayed demand. Thereafter, on January 27, 2003, Defendant filed a motion for a jury trial, which is now before the Court for disposition.

## II. ANALYSIS

The issues the Court must address in resolving the outstanding motion are: (1) whether the U.S. Constitution is automatically applicable to the U.S. Territory of the Virgin Islands; (2) whether a jury trial in a criminal prosecution is a fundamental right; (3) whether section 26 of the Revised Organic Act of 1954, as amended, remains in full force and effect; (4) whether the Defendant was required to be present at his arraignment; (5) whether a demand for a jury trial must be asserted at arraignment; (6) whether the Defendant made a showing that he was unaware of his right to demand a jury trial; and (7) whether the Court was required to advise the Defendant of his right to demand a jury trial.

### A. The U.S. Constitution Is Not Automatically Applicable To The U.S. Virgin Islands

U.S. citizens and other inhabitants of a U.S. territory do not have the same constitutional guarantees as U.S. citizens and other inhabitants of the fifty states. This is because of the "Territorial Incorporation" doctrine devised by the Supreme Court in the Insular Cases.[2] This doctrine acknowledges that under Article IV, section 3 of the U.S. Constitution, Congress is given power to legislate concerning the U.S. territories. U.S. CONST. ART. IV, § 3.[3] If a territory is not "incorporated" into the United

---

[2] The *Insular Cases*, also called the *Insular Tariff Cases*, began with several Supreme Court cases decided in 1901: *De Lima v. Bidwell*, 182 U.S. 1, 21 S. Ct. 743, 45 L. Ed. 1041 (1901); *Goetze v. United States*, 182 U.S. 221, 21 S. Ct. 742, 45 L. Ed. 1065 (1901); *Dooley v. United States*, 182 U.S. 222, 21 S. Ct. 762, 45 L. Ed. 1074(1901) (*Dooley I*); *Armstrong v. United States*, 182 U.S. 243, 21 S. Ct. 827, 45 L. Ed. 1086 (1901); *Downes v. Bidwell*, 182 U.S. 244, 21 S. Ct. 770, 45 L. Ed. 1088 (1901); *Huus v. New York & Porto Rico Steamship Co.*, 182 U.S. 392, 21 S. Ct. 827, 45 L. Ed. 1146 (1901); *Dooley v. United States*, 183 U.S. 151, 22 S. Ct. 62, 46 L. Ed. 128 (1901) (*Dooley II*); and *The Diamond Rings*, 183 U.S. 176, 22 S. Ct. 59, 46 L. Ed. 138 (1901).

[3] This section, also known as the Territorial Clause, says in part that: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting

States, then Congress is given plenary power to determine what rights are applicable to that territory limited only by the Constitution's "general prohibitions" protecting the fundamental rights of all citizens. *See Dorr v. United States*, 195 U.S. 138, 142, 49 L. Ed. 128, 24 S. Ct. 808 (1904).

 The Virgin Islands has been designated as an "unincorporated" territory of the United States, and thus, it is subject to the "Territorial Incorporation" doctrine. *See* Revised Organic Act of 1954, § 2(a), 48 U.S.C. § 1541(a), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 77 (1995) (preceding V.I. CODE ANN. tit. 1). The doctrine classifies certain rights set out in the Constitution as "fundamental" because they are "inherent principles which are the basis of all free government, which cannot be with impunity transcended." *Downes v. Bidwell*, 182 U.S. 244, 290-91, 45 L. Ed. 1088, 21 S. Ct. 770 (1901). Therefore, if a right is considered fundamental, Congress is prohibited from interfering with it in the unincorporated territories. *Id.; Soto v. United States*, 273 F. 628, 633, 1 V.I. 536 (3d Cir. 1921). The remaining rights are classified as "remedial" rights, because they are considered "peculiar to our own system or jurisprudence," rather than essential constitutional principles. *Soto*, 273 F. at 633.[4] If the right is remedial, Congress is not required to secure it for U.S. citizens and other inhabitants of an unincorporated territory. *Id.* In fact, even if Congress grants a remedial right *by statute*, they have the power to repeal the legislation at any time. *See* U.S. CONST. ART. IV, § 3.[5]

## B. A Jury trial In A Criminal Prosecution Is Not A Fundamental Right

██ Under Article III, section 2 of the U.S. Constitution[6] and the Sixth Amendment[7] of the Bill of Rights, citizens and other inhabitants of the

---

the Territory or other Property belonging to the United States ..." U.S. CONST. ART. IV, § 3.

[4] Here the Third Circuit cites to the *Insular Cases* in general.

[5] For example, Congress almost completely repealed the Organic Act of 1936 with the Revised Organic Act of 1954. *See Virgo Corporation v. Paiewonsky*, 6 V.I. 256, 272-73, 384 F.2d 569, 576-77 (3d Cir. 1967).

[6] "... The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury ..." U.S. CONST. ART. III, § 2.

fifty states have the right to a jury trial in criminal actions. This *constitutional* right to a jury trial in criminal prosecutions is deemed only a remedial right, so Congress is not required to extend it to the Territory of the U.S. Virgin Islands. *See Balzac v. Porto Rico*, 258 U.S. 298, 304-305, 66 L. Ed. 627, 42 S. Ct. 343 (1922); *Government of the Virgin Islands v. Bodle*, 7 V.I. 507, 427 F.2d 532 (3d Cir. 1970).[8]

In *Duncan v. Louisiana*, the Supreme Court held that the "right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction." 391 U.S. 145, 149, 20 L. Ed. 2d 491, 88 S. Ct. 1444 (1958). The District Court of the Virgin Islands in *U.S. v. Pollard*, interpreted *Duncan v. Louisiana* as calling into doubt the Supreme Court's holding in *Balzac* that the right to a jury trial was not fundamental in the unincorporated territories:

> Obviously, this simply can no longer be the case since a more enlightened Supreme Court has held that the right to trial by jury is such a fundamental right that it is incorporated in the Fourteenth Amendment's Due Process Clause and thereby applicable to the States. *See Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1958).

*U.S. v. Pollard*, 209 F. Supp. 2d 525, 540 (D.V.I. June 18, 2002). However, in *Commonwealth of the Northern Mariana Islands v. Atalig*, the Ninth Circuit refused to declare that *Duncan* had any effect on the Insular cases:

> To focus on the label "fundamental rights," overlooks the fact that the doctrine of incorporation for purposes of applying the Bill of Rights to the states serves one end while the doctrine of territorial incorporation serves a related but distinctly different one. The

---

[7] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed ..." U.S. CONST. AMEND. VI.

[8] The Supreme Court has held that the right to a jury trial was a remedial right when dealing with other unincorporated U.S. territories. *See Rasmussen v. United States*, 197 U.S. 516, 49 L. Ed. 862, 25 S. Ct. 514 (1905); *Dorr v. United States*, 195 U.S. 138, 49 L. Ed. 128, 24 S. Ct. 808 (1904); *Hawaii v. Mankichi*, 190 U.S. 197, 47 L. Ed. 1016, 23 S. Ct. 787 (1903).

former serves to fix our basic federal structure; the latter is designed to limit the power of Congress to administer territories under Article IV of the Constitution ... .

...

... Were we to apply sweepingly Duncan's definition of "fundamental rights" to unincorporated territories, the effect would be immediately to extend almost the entire Bill of Rights to such territories. This would repudiate the *Insular Cases*. We are not prepared to do so nor do we think we are required to do so.

723 F.2d 682, 689-90 (9th Cir. 1984). Until this Court receives a clearer signal from the Supreme Court or the Third Circuit to do otherwise, it will continue to treat the right to a jury trial as a remedial right. Therefore, Congress is not required to secure such a right to the U.S. Territory of the Virgin Islands.

## C. Section 26 Of The Revised Organic Act Remains In Full Force And Effect

On July 22, 1954, Congress enacted section 26 of the Revised Organic Act of 1954 which granted the statutory *right to demand* a jury trial in criminal prosecutions in the Virgin Islands:

All criminal cases originating in the district court shall be tried by jury upon demand by the defendant or by the Government. If no jury is demanded the case shall be tried by the judge of the district court without a jury, except that the judge may, on his own motion, order a jury for the trial of any criminal action.

Revised Organic Act of 1954, § 26, 48 U.S.C. § 1616; *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 164-65 (1995) (preceding V.I. CODE ANN. tit. 1).[9] By granting the right to *demand* a jury trial, Virgin Islanders were ensured the "basic guarantees similar to those of the Sixth Amendment." *See Government of*

---

[9] Section 26 is further codified at V.I. CODE ANN. tit. 5, § 3601: "Under section 26 of the Revised Organic Act, approved July 22, 1954, in any criminal case originating in the district court, no person shall be denied the right to trial by jury if he demands it ...".

*the Virgin Islands v. Bodle*, 7 V.I. 507, 509 n.1, 427 F.2d 532, 533 (3d Cir. 1970).

In August 23, 1968, Congress went further in amending Section 3 of the Revised Organic Act of 1954 to include this language:

> The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: ... the first to ninth amendments inclusive ...

> All laws enacted by Congress with respect to the Virgin Islands and all laws enacted by the territorial legislature of the Virgin Islands which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency.

Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86-88 (1995) (preceding V.I. CODE ANN. tit. 1) (emphasis added). By this statutory amendment, Congress extended *all* the protections of the Sixth Amendment to the Virgin Islands. *See Government of the Virgin Islands v. King*, 25 V.I. 114, 117 (Terr. Ct. St. T. & St. J. 1990).[10]

Unfortunately, there has been some confusion about the effect of this amendment in the case law of Virgin Islands. In *Government of the Virgin Islands v. Nicholas*, the District Court of the Virgin Islands interpreted the amendment as changing the procedure for receiving a jury trial:

> Prior to August 1968, there was no right to a trial by jury in criminal cases in the Virgin Islands unless demanded. In 1968, Section 3 of the Revised Organic Act of 1954 was amended to provide its citizens with the *right* to an impartial trial by jury in criminal matters. The distinction lies in the fact that prior to the Organic Act bill of rights amendment an individual had to demand

---

[10] The Sixth Amendment not only protects the right to a jury trial, but also protects the defendant's right to: a speedy and public trial in district where crime allegedly committed, information as to cause and nature of the accusations, confrontation of witnesses against him, compulsory process for obtaining witnesses in his favor, and assistance of counsel for his defense. U.S. CONST. AMEND. VI.

a jury trial whereas after amendment and the adoption of the Sixth Amendment the right became an inherent one *unless* waived. (citations omitted)

20 V.I. 179, 191-192 (D.V.I. Aug. 17, 1983) (emphasis added). Here, the District Court suggests that the 1958 provisions of section 26 are "inconsistent" with the 1968 amendment to section 3. If this were true, section 26 would be "repealed to the extent of such inconsistency." Since section 3 fully extended the text[11] of the Sixth Amendment to the territory, the issue is whether section 26 is consistent with that text.

The District Court in *Nicholas* apparently failed to note that the Third Circuit already addressed this issue in *Government of the Virgin Islands v. Parrott*, 10 V.I. 564, 476 F.2d 1058 (3d Cir. 1973). The Sixth Amendment's language tells us *what* right is extended to the territory, i.e. that a citizen "shall enjoy the right to...trial, by an impartial jury ..." U.S. CONST. amend VI. On the other hand, Section 26 only tells us *how* that right may be exercised. The Third Circuit has found that the sections do not conflict because the Sixth Amendment grants the right to a jury trial, while section 26 merely regulates the *procedure* by which an accused may assert this right. *See Parrott*, 10 V.I. at 568, 476 F.2d at 1060 ("The question before us, however, is not the existence of the right to trial by jury but rather the procedure by which an accused may exercise his own option whether or not to invoke the right"). *Id.* Since there is no inconsistency, section 3 does not repeal section 26.

In *Parrott*, defendant also argues that Rule 23(a) of the Federal Rules of Criminal Procedure trumps section 26 of the Revised Organic Act. *See Parrott*, 10 V.I. at 567, 476 F.2d at 1059-60. Rule 23(a) provides that:

> If the defendant is entitled to a jury trial, the trial must be by jury unless:
>
> (1) the defendant waives a jury trial in writing;
>
> (2) the government consents; and
>
> (3) the court approves.

---

[11] When it comes to these remedial rights, the territory's citizens and other inhabitants are not protected by the U.S. Constitution itself, but instead by a statutory enactment of the designated constitutional provision.

FED. R. CRIM. P. 23(a). The Third Circuit rejected this argument by holding that section 26's procedure requiring a demand for a jury trial was controlling:

█ The procedural rule embodied in Rule 23(a) of the Federal Rules of Criminal Procedure, having been adopted by the Supreme Court pursuant to Congressional authority, was subject to being repealed, amended or superseded in whole or in part by Congress as well as by the Court. (citations omitted) We think that is exactly what happened here and that by the Congressional amendment in 1958 of section 26 of the Revised Organic Act the procedural provisions of that section have superseded, for the District Court of the Virgin Islands, the earlier provisions of Rule 23(a), F.R. CR. P. The provisions of section 26 as amended thereby became the Congressionally established procedure under which an accused in the Virgin Islands invokes his right to a trial by jury. 10 V.I. 564, 569, 476 F.2d 1058, 1060-61 (3d Cir. 1973) (emphasis added).[12] Therefore, section 26 supersedes Rule 23(a). This Court has already once adopted and followed the Third Circuit's interpretation. *See Government of the Virgin Islands v. Harthmann*, 19 V.I. 349, 352-5 (Terr. Ct. St. T. & St. J. Jan. 25, 1983)4 (applying the Third Circuit precedent that section 26 was the controlling procedural rule). This Court sees no basis to now depart from this precedent, so section 26 remains in full force and effect. Thus, in order to exercise his right to a jury trial in the Virgin Islands, a Defendant must *demand* one.

---

[12] It is also clearly stated in the Virgin Islands Code that the standard procedure of other U.S. federal courts does not apply in the Virgin Islands:

Under Rule 23(a) of the Federal Rules of Criminal Procedure cases are tried by jury unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government. Such provision is not applicable in the Virgin Islands, because, under the Organic Act and [5 V.I.C. § 3601], the case is tried by the judge unless the defendant demands a jury or the judge orders a jury on his own motion.

5 V.I.C. § 3601, History, Revision notes, P 3.

## D. Defendant Boynes Was Required To Be Present At His Arraignment

The Rules of the Territorial Court require that "the defendant shall be present at every stage of the trial and at the imposition of sentence," but that a defendant's presence "is not required at a reduction of sentence." TERR. CT. R. 124. Additionally, "arraignment shall be conducted in open court and ... shall consist of reading the complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto." TERR. CT. R. 125.

While Defendant cites the Federal Rules of Criminal Procedure as controlling in this case, Territorial Court Rule 7 explains that such federal rules apply only when they are not inconsistent with the Rules of the Territorial Court:

> "The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence."

TERR. CT. R. 7. (emphasis added). Defendant argues that a specific provision of Rule 43 excuses him from the arraignment. Rule 43(a) of the Federal Rules of Criminal Procedure, which deals with defendant's presence in general, states that:

(a) Unless this rule, Rule 5,[13] or Rule 10 provides otherwise, the defendant must be present at:

(1) the initial appearance, the initial arraignment, and the plea;

(2) every trial stage, including jury impanelment and the return of the verdict; and

(3) sentencing.

FED. R. CRIM. P. 43(a) (emphasis added). Defendant further contends that this rule does provide otherwise. Defense counsel submits that when he attempted to make a late demand for a jury trial, the Defendant's

---

[13] Federal Rule 5 governs the defendant's initial appearance, so its exceptions are inapplicable to this case. *See* FED. R. CRIM. P. 5.

presence was excused because the proceeding was a conference or hearing upon a question of law.[14] This Court cannot agree. Defendant's characterization of the demand for a jury trial as a "question of law," improperly suggests that it is solely the attorney's decision. To the contrary, the Third Circuit has said that the lawyer should "clearly and positively inform [the defendant] of [the right to a jury trial] so that it may be decided whether or not, as a matter of trial strategy, the right should be demanded." *Parrott*, 10 V.I. at 571, 476 F.2d at 1062. Furthermore, this Court finds that the exception for a hearing on a question of law was a general exception meant to excuse Defendant from certain trial proceedings rather than from certain portions of an arraignment proceeding. Evidence of this lies in the fact that Rule 10 of the Federal Rules of Criminal Procedure separately provides more specific requirements for a defendant to waive his appearance at arraignment. *See* FED. R. CRIM. P. 10.

Defendant did not directly argue that he waived his appearance, but this Court will assume, for the sake of argument, that he did. While Territorial Court Rule 124 requires defendant's presence at "every stage of trial," and Territorial Court Rule 125 requires a defendant to be made aware of the charges against him and to plead thereto, Federal Rule 10 gives the defendant the option of voluntarily waiving his presence at arraignment in certain circumstances:

A defendant need not be present for the arraignment if:

(1) the defendant has been charged by indictment or misdemeanor information;

(2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and

(3) the court accepts the waiver.

---

[14] Defendant cites to Rule 43 section (c)(3) for this exception, but this is no longer the correct section because Rule 43's structure has been revised. *See* FED. R. CRIM. P. 43(c) (2003). The exception he seeks to use is now found at Rule 43 section (b)(3): "A defendant need not be present under any of the following circumstances:.. . (3) *Conference or Hearing on a Legal Question.* The proceeding involves only a conference or hearing on a question of law." FED. R. CRIM. P. 43(b)(3) (2003).

FED. R. CRIM. P. 10. Once again, if this provision is "inconsistent" with the Rules of the Territorial Court, it does not govern our practice and procedure. *See* TERR. CT. R. 7.

■ Even if Rule 10 applies, Defendant has not met its requirements. As stated, if the defendant is charged by *indictment or a misdemeanor information*, the court may accept a written waiver signed by him and his counsel. FED. R. CRIM. P. 10(b). Defendant Boynes was charged by a *felony information*. Furthermore, the Court neither received nor accepted any written waiver signed by Defendant and his counsel. Ergo, Defendant Boynes was required to be present at the *entire* arraignment and he did so appear the morning of January 2, 2003. Once the Court called the next case, Defendant Boynes exited the courtroom. At that point, Defendant Boynes' arraignment was completed.

## E. Defendant Must Demand Jury Trial At The Time Of Arraignment

■■ Because Defense counsel's demand was made after Defendant's arraignment, it was ineffective. Local Rule of Criminal Procedure 23.1 is the controlling rule, since nothing in the Rules of the Territorial Court conflicts with its application. *See* TERR. CT. R. 7. Rule 23.1, effective May 3, 1993, states:

> Demand for jury trial shall be made by a defendant or by the United States Attorney at the time of the arraignment of the defendant. Such a demand, if made, shall be noted upon the criminal docket by the clerk on the day upon which it is made. Once a jury trial is demanded, it may be waived by the defendant if consented to by the court and the United States Attorney.

L.R. CRIM. P. 23.1 (2003) (emphasis added). In the matter *sub judice*, the Court had called the next case. The Defendant had been excused from the courtroom, ending his arraignment. During a subsequent arraignment involving another defendant, counsel attempted to make a belated demand for a jury trial for Defendant Boynes. Counsel's demand was not

made "at the time of arraignment."[15] Thus, Defendant did not make a proper demand under this Court's rules of procedure.[16]

Notwithstanding the Defendant's inability to make a late demand for a jury trial pursuant to section 26, "the judge may, on his own motion, order a jury for the trial of any criminal action." *See* Revised Organic Act of 1954, § 26 [as amended], 48 U.S.C. § 1616, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 164-65 (1995) (preceding V.I. CODE ANN. tit. 1). In other words, this Court has the discretion and authority to grant this motion even if the Defendant and/or the Government fail to demand a jury trial.

## F. No Showing Was Made That Defendant Was Unaware Of His Right To Demand A Jury Trial

Section 3 of the Revised Organic Act of 1954 states that the Sixth Amendment, *inter alia*, "shall have the same force and effect there as in the United States or in any State of the United States." Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 87 (1995) (preceding V.I. CODE ANN. tit. 1). The Third Circuit has interpreted this legislation as expressing the "congressional intention to make the federal Constitution applicable to the Virgin Islands to the fullest extent possible consistent with its status as a territory." *In re Brown*, 439 F.2d 47, 50-51, 8 V.I. 313 (3d Cir. 1971).

In *Parrott*, the Third Circuit applied the constitutional requirement to the Virgin Islands that a defendant's waiver be knowing and intelligent. *Government of the Virgin Islands v. Parrottt*, 10 V.I. 564, 570-71, 476 F.2d 1058, 1061 (3d Cir. 1973) (finding that the Virgin Islands practice under section 26 was consistent with the knowing and

---

[15] Defense counsel's main argument confuses the issues. He contends that Defendant's presence was not necessary during counsel's demand for a jury trial because it was a separate hearing on a question of law pursuant to Rule 43. According to Rule 23.1, demand is to be made at arraignment.

[16] The Government also has the right to demand a jury trial at arraignment, but they did not make such a demand. *See* Revised Organic Act of 1954, § 26, 48 U.S.C. § 1616, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 164-65 (1995) (preceding V.I. CODE ANN. tit. 1). In contrast, under Rule 23, the government must consent to the waiver of the inherent right to a jury trial. *See* FED. R. CRIM. P. 23(a).

intelligent requirement) (citing *Johnson v. Zerbst*, 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938); *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969)). The determination of whether a waiver is knowing and intelligent depends on the particular circumstances of each case. *Johnson*, 304 U.S. at 464.

Although the Third Circuit held that a defendant who failed to demand a jury trial as the statute required was not effectively denied his right to a jury trial, it suggests that its holding would be different if a defendant was not properly informed:

> ■ On the record in the present case, defendant does not allege that he did not know of his right to a jury trial and that he was not in a position to make an informed choice ... he has no grounds to complain that he did not receive the jury trial for which he did not ask.

*Parrott*, 10 V.I. at 571, 476 F.2d at 1062. As in *Parrott*, Defendant Boynes has failed to make any factual showing on the record or otherwise that he was unaware of his right to demand a jury trial or that he was not in a position to make an informed choice. Therefore, there is no evidence to establish that his failure to make a timely demand was in some way excusable.

## G. Court Was Not Required To Inform Defendant Of His Right To Demand A Jury Trial

■ While the U.S. Court of Appeals for the Third Circuit has held that a court should inform a *pro se* defendant of his right to demand a jury trial, it nevertheless found that the appointment of a public defender would "in most cases result in knowledge by the accused that he has the right to request a jury trial and must make such request." *Parrott*, 10 V.I. at 571, 476 F.2d at 1061-62. Defendant Boynes was represented by a public defender so there was no requirement that the Court explicitly inform him of his right to demand a jury trial.

## III. CONCLUSION

In summary, the Court holds: (1) the U.S. Constitution is not automatically applicable to the U.S. Territory of the Virgin Islands; (2) a jury trial in a criminal prosecution is not a fundamental right; (3) section 26 of the Revised Organic Act of 1954, granting inhabitants of the

Territory of the Virgin Islands the right to demand a jury trial, remains in full force and effect; (4) the Defendant was required to be at his arraignment, since no valid waiver or exception was applicable; (5) absent the Court granting otherwise, the Defendant must have demanded a jury trial at his arraignment to obtain such a trial; (6) there was no showing that the Defendant was unaware of his right to demand a jury trial; and, (7) the Court was not required to advise Defendant of his right to demand a jury trial because he was represented by counsel. For the foregoing reasons, this Court will deny the motion for a jury trial.