**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**KHALID DALY, Defendant**

Case No. SX-09-CR-641
Superior Court of the Virgin Islands
Division of St. Croix
February 5, 2010

18

ZULEYMA M. CHAPMAN, ESQ., Assistant Attorney General, Department of Justice, Christiansted, St. Croix USVI, *Attorney for Plaintiff.*

ERNEST E. MORRIS JR., ESQ., Territorial Public Defender, Kingshill, St. Croix, USVI, *Attorney for Defendant.*

ROSS, *Senior Judge*

## MEMORANDUM OPINION

(February 5, 2010)

**THIS MATTER** came before the Court on the People's Motion for Bench Trial, the Defendant's Opposition thereto, and the People's Reply to the Defendant's Opposition. The People's motion relies solely on title 14, section 4 of the Virgin Islands Code as support for the Court's authority to grant a bench trial. For the reasons which follow, this Court finds that the Revised Organic Act of 1954 (hereafter "the Revised Organic Act" or the "ROA") determines a defendant's entitlement to a trial by jury in the U.S. Virgin Islands.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The People charged the Defendant, Khalid Daly, in a two count Complaint with Harassment by Telephone, Telegraph or Written Communication/Domestic Violence in violation of title 14, section 706(1) and title 16, section 91(b)(10) of the Virgin Islands Code, and Contempt of Court in violation of title 14, section 582(a) and title 16, section 91(b)(14) of the Virgin Islands Code. Mr. Daly appeared before the Court for his arraignment on December 9, 2009. At the arraignment he entered a plea of not guilty and requested a speedy trial by jury. His not guilty plea was noted for the record, and his request for a speedy jury trial was granted by the magistrate of the Superior Court presiding over the arraignment. The People filed a Motion for Bench Trial in the matter on January 12, 2010. The defense filed its Opposition to the Motion for Bench Trial on January 19, 2010. And the People filed a Reply to the Defendant's Opposition on February 2, 2010.

## II. DISCUSSION

 The People's Motion for Bench Trial relies solely on title 14, section 4 of the Virgin Islands Code as support for the Court's authority to order a bench trial in the instant matter. Title 14, section 4 of the Virgin Islands Code provides that:

20

In misdemeanor cases only, trial judges are authorized to limit the term of imprisonment to six months in prison; in which event, the defendant may be tried by the court, except in cases where a mandatory sentence is imposed.

Title 14, section 4, however, "only appears to limit the *term* of incarceration . . ." *Cheatham v. People of the V.I.*, 2009 V.I. Supreme LEXIS 22, at *6 [WL] (V.I. Mar. 27, 2009). In the instant matter, Mr. Daly invoked his right to a trial by jury by specifically demanding a speedy jury trial at his arraignment. After a defendant has invoked his right to a jury trial, the only way that defendant may be tried by the Court is by waiving his right to a jury, with the consent of the People and the Court.

## A. A Defendant is Entitled to a Trial By Jury When Charged with a Crime

■ The United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State or district wherein the crime shall have been committed . . ." U.S. CONST. Amend. VI. Although the United States Constitution, is not automatically applicable to the U.S. Virgin Islands,[1] in 1968 Congress amended Section

---

[1] "U.S. citizens and other inhabitants of a U.S. territory do not have the same constitutional guarantees as U.S. citizens and other inhabitants of the fifty states. This is because of the 'Territorial Incorporation' doctrine devised by the Supreme Court in the *Insular Cases*. This doctrine acknowledges that under Article IV, section 3 of the U.S. Constitution, Congress is given power to legislate concerning the U.S. territories. U.S. CONST, art. IV, § 3. If a territory is not 'incorporated' into the United States, then Congress is given plenary power to determine what rights are applicable to that territory limited only by the Constitution's 'general prohibitions' protecting the fundamental rights of all citizens. *See Dorr v. United States*, 195 U.S. 138, 142 (1904). . . . The Virgin Islands has been designated as an 'unincorporated' territory of the United States, and thus, it is subject to the 'Territorial Incorporation' doctrine (citation omitted). The doctrine classifies certain rights set out in the Constitution as 'fundamental' because they are 'inherent principles which are the basis of all free government, which cannot be with impunity transcended.' *Downes v. Bidwell*, 182 U.S. 244, 290-91, 21 S. Ct. 770, 45 L. Ed. 1088 (1901). Therefore, if a right is considered fundamental, Congress is prohibited from interfering with it in the unincorporated territories. *Id.*; *Soto v. United States*, 273 F. 628, 633 (3d Cir. 1921). The remaining rights are classified as 'remedial' rights, because they are considered 'peculiar to our own system or jurisprudence,' rather than essential constitutional principles. *Soto*, 273 F. at 633. If the right is remedial, Congress is not required to secure it for U.S. citizens and other inhabitants of an unincorporated territory. *Id.* In fact, even if Congress grants a remedial right by statute, they have the power to

3 of the Revised Organic Act, "extend[ing] all protections of the Sixth Amendment to the Virgin Islands." *Gov't of the V.I. v. Boynes*, 45 V.I. 195, 202 (Terr. V.I. 2003).[2] In enacting the 1968 amendment, Congress specifically provided:

> The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States: . . . *the first to ninth amendments inclusive* . . . . Revised Organic Act of 1954, § 3 (emphasis added).

Consequently, individuals in the Virgin Islands who are charged with crimes under Virgin Islands law are entitled to the protections of the Sixth Amendment, and therefore, upon demand, a jury trial.

## B. A Defendant is Entitled to a Trial by Jury if such a Trial is Demanded

It is well established that a citizen of the Virgin Islands enjoys the right to a trial by an impartial jury. *See Government of the Virgin Islands v. Parrott*, 476 F.2d 1058 (3d Cir. 1973). Section 26 of the Revised Organic Act provides the procedure in which a defendant secures the right to a jury trial. Section 26 provides:

> All criminal cases originating in the district court shall be tried by jury upon demand by the defendant or by the Government. If no jury is demanded the case shall be tried by the judge of the district court without a jury except that the judge may, on his own motion, order a jury

---

repeal the legislation at any time. *See* U.S. CONST, art. IV, § 3. (footnote omitted). . . [This Court] will continue to treat the right to a jury trial as a remedial right. Therefore, Congress is not required to secure such a right to the U.S. Territory of the Virgin Islands." *Boynes*, 45 V.I. 198, 199 (Terr. V.I. 2003).

[2] *See Gov't of the V.I. v. Bodle*, 427 F.2d 532, 533 n.l (3d Cir. 1970) ("Congress . . . has provided the right to a jury trial in criminal cases to the inhabitants of the Virgin Islands by virtue of the Revised Organic Act of 1954, 48 U.S.C. § 1616. Thus basic guarantees similar to those of the Sixth Amendment are involved . . . .").

for the trial of any criminal action. The legislature may provide for trial in misdemeanor cases by jury of six qualified persons.[3]

In order to secure the right to a jury trial, a Defendant must simply demand the same at arraignment. Title 5, section 3601 of the Virgin Islands Code further provides, in accordance with Section 26, that in any criminal case "no person shall be denied the right to trial by jury if he demands it." Accordingly, once the defendant has properly made his demand, that right is secured and cannot be removed. A defendant's demand for a jury trial cannot simply be stripped away by the filing of a motion for bench trial by the People and the approval of the Court.

## C. Title 14, Section 4 of the V.I. Code is Inconsistent with the Revised Organic Act

 Section 26 of the Revised Organic Act provides us with the procedural roadmap of how the right to a jury trial is exercised in the Virgin Islands. To that end, a defendant exercises his right to a jury trial by demanding one. Section 26 of the Revised Organic Act reflects Congress's unequivocal intent that persons charged with criminal offenses in the Virgin Islands are guaranteed a trial by jury once a jury trial has been demanded. Accordingly, any provision that allows for the removal of a defendant's right to a jury trial after he or she demands one is inconsistent with both Sections 3 and 26 of the Revised Organic Act.

 Title 14, section 4 of the Virgin Islands Code purports to endow the Court with the authority to grant a bench trial in misdemeanor cases upon a limitation of the applicable sentence. That statute, however, is in direct contravention of the rights afforded to defendants in all criminal matters — a right to a trial by jury when demanded, irrespective of whether the charge is a felony or a misdemeanor. Therefore, the Legislature of the Virgin Islands was without authority to enact title 14,

---

[3] "The District Court's exclusive jurisdiction over criminal cases arising under either federal or local law lasted until 1984, when Congress, through an amendment to the Revised Organic Act of 1954 ('ROA'), bestowed concurrent jurisdiction to the Superior Court — then known as the Territorial Court — over criminal offenses arising out of violations of local law. Revised Organic Act of 1954, § 22(c), 48 U.S.C. § 1612 ('The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands . . . .')." *Phillips v. People of the V.I.*, 51 V.I. 258, 275 (V.I. 2009).

section 4. "Although Section 8(a) of the ROA empowers the Legislature to enact legislation for the people of the Virgin Islands, it expressly prohibits the enactment of laws that are 'inconsistent with [the ROA] or the laws of the United States applicable to the Virgin Islands.' " *Browne v. People of the V.I.*, 50 V.I. 241, 257 (V.I. 2008) (citing Revised Organic Act § 8(a)). Accordingly, the Revised Organic Act preempts the local statute to the extent that the local statute purports to abrogate the right to a trial by jury explicitly provided in the Revised Organic Act.

## III. CONCLUSION

█ Individuals in the Virgin Islands who are charged with crimes under Virgin Islands law are entitled to the protections of the Sixth Amendment, and therefore, upon demand, a jury trial. The Revised Organic Act, which guarantees this right to Virgin Islanders, preempts the local statute. A defendant's demand for a jury trial cannot simply be stripped away by the filing of a motion for bench trial by the People and the approval of the Court.