**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**SHELDON SHALLOW, Defendant**

Case No. SX-09-CR-455
Superior Court of the Virgin Islands
Division of St. Croix
April 28, 2010

BRADY, *Judge*

## MEMORANDUM OPINION AND ORDER

### (April 28, 2010)

THIS MATTER comes before the Court due to the Defendant's demand through his counsel of record at his arraignment for a speedy jury trial. The criminal charge against the Defendant is Aggravated Assault and Battery/Domestic Violence. The arraignment was on January 27, 2010. However, the record reflects that on January 13, 2010 the People filed a Motion for A Bench Trial citing 14 V.I.C. § 4 as authority for the request. On January 15, 2010, Defense Counsel filed an Opposition to Motion for Bench Trial. The Defendant summarizes his argument as follows: "In order to secure the right to a jury trial, a defendant must simply demand the same at arraignment. Once the defendant has properly made his demand, that right is secured and cannot be removed." Opposition to Motion for Bench Trial, p. 3. Accordingly, the Court must decide whether the Defendant will be tried by a jury or by the Court.

■ 14 V.I.C. § 4 provides that "[i]n misdemeanor cases only, trial judges are authorized to limit the term of imprisonment to six months in prison — in which event, the Defendant may be tried by the Court, except in cases where a mandatory sentence is imposed." This statute was enacted by the Legislature of the Virgin Islands in March 1984 and has been routinely administered by this Court and its predecessor for over twenty-six (26) years.

■ The Defendant argues that when Congress extended the Sixth Amendment to the United States Constitution to the Territory in 1968 it automatically entitled any criminal defendant, upon demand, to a jury trial no matter what crime is charged. This Court disagrees with that contention and its refutation is found in the language used by Congress in bequeathing jury trials to criminal defendants in this Territory by effectively amending Section 26 of the Revised Organic Act of 1954:

> The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent

156

that they have not been previously extended to the Territory and shall have the same force and effect there as in the United States or any State of the United States . . . the first to ninth amendments inclusive.

Revised Organic Act of 1954, § 3. (emphasis added). The above language negates any special or extraordinary significance to the grant of jury trials in the Virgin Islands, but rather specified that its use here was to follow the traditional use of jury trials in the country's judicial system. Accordingly, a review of the Supreme Court of the United States' ("Supreme Court") treatment of the right to a jury trial is in order.

 The Sixth Amendment provides for, among other things, a right to trial by jury in criminal matters. However, the Supreme Court has long held that this right does not extend to every criminal defendant.[1] This policy started with the founding of the United States, as American colonies retained the English custom of non-jury adjudication of petty offenses.[2]

When the United States Constitution was enacted, the concept of non-jury trials in petty offenses was incorporated into the Sixth Amendment, limiting the requirement of a jury trial to cases involving "serious offenses":

> If the language had remained "criminal offenses," it might have been contended that it meant all offenses of a criminal nature, petty as well as serious, but when the change was made from "criminal offenses" to "crimes," and made in the light of the popular understanding of the word "crimes," as stated by Blackstone, it is obvious that the intent was to exclude from the constitutional requirement of a jury the trial of petty criminal offenses. *Schick v. United States*, 195 U.S. 65, 70 (1904).

 As the issue matured, the Supreme Court continued to flesh out which circumstances give rise to a right to trial by jury, but continually

---

[1] *See Duncan v. Louisiana*, 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968); *Callan v. Wilson*, 127 U.S. 540, 8 S. Ct. 1301, 32 L. Ed. 223 (1888).

[2] *See* Felix Frankfurter & Thomas G. Corcoran, *Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury*, 39 HARV. L. REV. 917, 936 (1926) ("[A]ll the colonies . . . re-lived the experience of the mother country, and resorted to summary jurisdiction for minor offenses with full loyalty to their conception of the Englishman's right to trial by jury.)

did not set a bright line rule.[3] It was not until the case of *Baldwin v. New York* that the Supreme Court held that statutory offenses with a penalty in excess of six months' imprisonment automatically created the right to trial by jury under the Sixth Amendment, because such offenses could not be deemed petty. 399 U.S. 66, 69, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970). The *Baldwin* Court considered both the nature of the offense itself as well as the maximum potential sentence the defendant could face, as opposed to the sentence actually imposed, in making this determination. *Id.* The focus on the maximum sentence was reaffirmed in *Lewis v. U.S.*, 518 U.S. 322, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996). Here, the Supreme Court explicitly stated that all courts should look exclusively at the objective indications of seriousness with which society regards the offense. *Id.* at 326. In other words, the court should defer to the determination made by the legislature regarding terms of maximum penalty.

■ The issue of whether penalties of six months or less triggered the same right was left open until *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989). While the Supreme Court declined to hold that such penalties were automatically petty, the Supreme Court did state that a penalty of six months or less had a strong presumption of being petty, cutting off Sixth Amendment rights to a jury trial. *Id.* at 543. Currently, federal rules deem that a misdemeanor, the penalty for which does not exceed six months imprisonment and a fine of $5,000 or less for an individual or $10,000 for non-individuals, are deemed petty. *See* 18 U.S.C. § 1. The only way an offense with a maximum penalty of six months or less could still merit a trial by jury is if "any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543.

■ When examining Supreme Court jurisprudence, the single most important factor cited on whether an offense is deemed petty or serious by the courts is that of community preferences:

---

[3] *See District of Columbia v. Clawans*, 300 U.S. 617, 625, 57 S. Ct. 660, 81 L. Ed. 843 (1937) (holding that severity of penalty continues to be an important factor considered in determining whether Sixth Amendment right to trial by jury attaches, but no definite rule was established.).

Doubts must be resolved, not subjectively by recourse of the judge to his own sympathy and emotions, but by objective standards such as may be observed in the laws and practices of the community taken as a gauge of its social and ethical judgments. *District of Columbia v. Clawans*, 300 U.S. 617, 628 (1937).

Since the *Calwans* decision, the Supreme Court has often reiterated the community preference petty offense exception to the Sixth Amendment.[4] The reasoning behind this principle, as some scholars have noted, is basic economics. The right to a jury trial becomes too expensive for the public to finance for every infraction, minor and major. Efficient allocation of the public's resources "demands that the right to jury trial be reserved for defendants accused of crimes 'serious' enough to merit expensive procedural safeguards." *Petty Offenses, Serious Consequences: Multiple Petty Offenses and the Sixth Amendment Right to Jury Trial*, 94 MICH. L. REV. 872, 875.

Furthermore, the Supreme Court has frequently stated that the best way to measure community preferences concerning the severity of a particular offense is maximum penalty allowed by the legislature.[5] The idea is that the legislature is in the best position to be able to determine what society prefers, and accordingly sets the maximum penalty according to this preference. *Id.* at 878.

In 1970, Justice Harlan, in a dissenting opinion in *Williams*, made observations which succinctly described the status of the trial of petty offenses in the country in that period:

> While all States except New York provide for jury trials for crimes carrying sentences of six months or more, there is a good deal of di-

---

[4] *See Blanton v. City of North Las Vegas*, 489 U.S. 538, 541, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989) ("In recent years, however we have sought more 'objective indications of the seriousness with which society regards the offense'"); *Baldwin v. New York*, 399 U.S. 66, 68, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970) ("In deciding whether an offense is 'petty,' we have sought objective criteria reflecting the seriousness with which society regards the offense . . ."); *Duncan v. Louisiana*, 391 U.S. 145, 160, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968) ("The penalty authorized by the law of the locality may be taken 'as a gauge of its social and ethical judgments' of the crime in question.")

[5] *See Baldwin*, 399 U.S. at 68 ("We have found the most relevant . . . criteria [in determining how society views an offense] in the severity of the maximum authorized penalty."); *Duncan*, 391 U.S. at 159 ("[T]he penalty authorized for a particular crime is of major relevance in determining whether it is serious or not . . .").

versity as to the number of jurors and the stage at which the right to jury trial attaches. *Williams*, 399 U.S. at 119.

In his continuing discourse and the federal right guaranteed by the Sixth Amendment, he opined, "I think it appropriate to draw the line at six months in federal cases, although for reasons to follow, I would not encumber the States by this requirement." *Id.* at 120-121.

The Court will turn now to a sister jurisdiction, the Territory of Guam, which like the Virgin Islands has an existing Organic Act. There, the case of *Lamb v. Hoffman*, 2008 Guam 2 (Guam Terr. 2008) decided by the Supreme Court of Guam is particularly instructive. The case began as a divorce action in Canada that led to a child support application and order by a Child Support Referee (akin to our Paternity and Child Support Division) which was affirmed by a Judge of the Superior Court. One of the appellant's contentions was that he was deprived of his right to a jury trial under a contempt charge. This charge was defined as a "petty misdemeanor . . . with a penalty not to exceed sixty (60) days." 7 G.C.A. 34102(b) and 9 G.C.A. 80.34(b). 7 G.C.A. § 22104 grants a right of jury trials to criminal defendants where the authorized punishment consists of confinement for more than sixty (60) days or a fine of five hundred dollars ($500). In holding that the Appellant was not entitled to a jury trial, the Guam Court cited with approval *Lewis v. United States*, 518 U.S. 322, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996) where the trial court denied defendant's motion for a jury trial but granted the government's request for a bench trial "because she [the court] wouldn't, under any circumstances, sentence petitioner to more than six months imprisonment." *Id.* at 324. In reaching its decision, the Supreme Court of Guam quoted a caveat expressed by its supervisory Court of Appeals, to wit "a territorial court lacks the authority to interpret a federal statute or federal constitutional provision contrary to the interpretation the U.S. Supreme Court has given it." *Guam v. Guerrero*, 290 F.3d 1210, 1217-18 (9th Cir. 2002).

If Defendant's position is accepted requiring jury trials for all criminal offenses, even petty ones, the realistic effect would be to erase the advantages gained by the Superior Court upon the implementation of the Magistrate Division. These new judicial additions have greatly eased the burden on Judges responsible for adjudicating a considerable back log of civil and criminal cases. If an unpredictable number of trials on demand

by criminal defendants facing no more than six (6) months imprisonment should be made the efficient and expedient administration of justice in the Territory may be seriously impaired.

█ In sum, this Court concludes that 14 V.I.C. § 4 was and is a valid exercise of legislative authority in conferring upon trial judges of the Superior Court the power to limit the term of imprisonment to a maximum of six (6) months and conduct a bench trial of defendants charged with misdemeanors. This legislatively created judicial process is certainly consistent with traditional American jurisprudence having earned the express approval of the highest court in our country.

Based on the foregoing analysis it is hereby

**ORDERED** that Defendant's Opposition to People's Motion for Bench Trial is **DENIED**. It is further

**ORDERED** that the People's Motion for a Bench Trial based on Title 14 V.I.C. § 4 is **GRANTED**.