**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ALVA CHANDLER, Defendant**

Case No. SX-09-CR-534

Superior Court of the Virgin Islands

Division of St. Croix

June 30, 2010

Zuleyma M. Chapman, Esq., Department of Justice, Christiansted, St. Croix, USVI, *Attorney for Plaintiff.*

H. HANNIBAL O'BRYAN, ESQ., ERNEST E. MORRIS, JR., ESQ., Office of the Public Defender, Kingshill, St. Croix, USVI, *Attorneys for Defendant.*

DONOHUE, *Judge*

## MEMORANDUM OPINION

(June 30, 2010)

**THIS MATTER** came before the Court on a Motion for Bench Trial filed by the People of the Virgin Islands (hereinafter "People"), an Opposition to [the] Motion for Bench Trial, and a Response thereto. For the reasons that follow, the Court shall giant the Motion.

## I. FACTUAL and PROCEDURAL BACKGROUND

■ On October 3, 2009, Defendant Alva Chandler was arrested and charged with Aggravated Assault and Battery/Domestic Violence, a misdemeanor charge in violation of Title 14 of the Virgin Islands Code § 298(5) and Title 16 of the Virgin Islands Code § 91(b)(1) and (2). At arraignment on October 21, 2009. Defendant pleaded not guilty and requested a speedy trial by jury, which was granted. On February 3, 2010, the People filed a Motion for Bench Trial. Defendant filed an Opposition to Motion for Bench Trial[1] on February 9, 2010, and the People filed a Response on February 11, 2010.

## II. DISCUSSION

### A. The Party's Positions and Recent Case Law

The People move for a bench trial pursuant to Section 4 of Title 14 of the Virgin Islands Code (hereinafter "Section 4 of Title 14 V.I.C."), which

---

[1] The Court notes that the Defendant failed to adhere 10 the procedural rules that govern this Court regarding service. Defendant's Certificate of Service indicates service was effectuated upon the Attorney General's "at their mailbox at the Court Clerk's Office.'" Service through the Superior Court mailbox is improper service. Local Rules of Civil Procedure Rule 5.3 (made applicable to practice in the Superior Court of the Virgin Islands through Superior Court Rule 7) provides that "assigned boxes in the Clerk's office [are] **for service by the Court of orders and other communications . . . .**" (emphasis added). LRCi 5.3 only allows the Court to serve orders and communications on attorneys. Therefore, it is improper for the Defendant to serve the People through the Superior Court mailboxes. Despite the improper method of service, the Court will deem the Opposition as filed because the People have filed a Response and because of the necessity in moving this mutter forward to resolution.

provides "[i]n misdemeanor cases only, trial judges are authorized to limit the term of imprisonment to six months in prison: in which event, the defendant may be tried by the court, except in cases where a mandatory sentence is imposed." V.I. CODE ANN. tit. 14. § 4.

Defendant counters that once a defendant has invoked his right to a trial by jury, the only way he may be tried by the Court is by waiving his right to jury, with consent of the People and the Court. To support this position, Defendant cites a Memorandum Opinion in *People of the Virgin Islands v. Daly*, SX-09-CR-641, 2010 V.I. LEXIS 27 (Super. Ct. Feb. 10, 2010). The *Daly* Court considered this same issue and held that a defendant is entitled to a trial by jury when charged with a crime. *Id.* 2010 V.I. LEXIS 27, *1. In *Daly*, as here, the Defendant relied primarily on the Revised Organic Act of 1954 (hereinafter "ROA"). §§ 3, 26 (as amended) and the Sixth Amendment to the U.S. Constitution. The Sixth Amendment states "'[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . .'" U.S. CONST. amend. VI. Section 3 of the ROA provides in part that:

> The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State of the United States . . . the first to ninth amendments inclusive. . . .

*Revised Organic Act* § 3. Section 26 of the ROA provides that:

> All criminal cases originating in the district court shall be tried by jury upon demand by the defendant or by the Government. If no jury is demanded the case shall be tried by the judge of the district court without a jury, except that the judge may, on his own motion, order a jury for the trial of any criminal action. The legislature may provide for trial in misdemeanor cases by a jury of six qualified persons.

*Revised Organic Act* § 26.

The *Daly* Court reasoned that "[a]lthough the United States Constitution, is not automatically applicable to the U.S. Virgin Islands, in 1968 Congress amended Section 3 of the Revised Organic Act.

308

'extend[ing] all protections of the Sixth Amendment to the Virgin Islands.' " *Daly*, 2010 V.I. LEXIS 27, at *3 (quoting *Gov't of the Virgin Islands v. Boynes*, 45 V.I. 195 (Terr. Ct. 2003)) (other citations omitted). Recognizing this, the *Daly* Court determined that individuals charged with crimes under Virgin Islands law are entitled to the protections of the Sixth Amendment and therefore, upon the proper demand, are entitled to a jury trial. *Id.* at *3. The *Daly* Court noted that Section 26 of the ROA "provides the procedure in which a defendant secures the right to a jury trial." *Id.* The Court stated "[i]n order to secure the right to a jury trial, a Defendant must simply demand the same at arraignment." *Id.* The *Daly* Court reasoned that the properly invoked right "cannot simply be stripped away by the filing of a motion for bench trial by the People and the approval of the Court." *Id.* Finally, the *Daly* Court held that Section 4 of Title 14 V.I.C. was inconsistent with the Revised Organic Act. The Court reasoned that:

> [A]ny provision that allows for the removal of a defendant's right to a jury trial after he or she demands one is inconsistent with both Sections 3 and 26 of the Revised Organic Act.
>
> Title 14, section 4 of the Virgin Islands Code purports to endow the Court with the authority to grant a bench trial in misdemeanor cases upon a limitation of the applicable sentence. That statute, however, is in direct contravention of the rights afforded to defendants in all criminal matters-a right to a trial by jury when demanded, irrespective of whether the charge is a felony or a misdemeanor. Therefore, the Legislature of the Virgin Islands was without authority to enact title 14, section 4. "Although Section 8(a) of the ROA empowers the Legislature to enact legislation for the people of the Virgin Islands, it expressly prohibits the enactment of laws that are 'inconsistent with [the ROA] or the laws of the United States applicable to the Virgin Islands.' " *Browne v. People of the V.I.*, 50 V.I. 241. 257 (V.I. 2008) (citing Revised Organic Act § 8(a)). Accordingly, the Revised Organic Act preempts the local statute to the extent that the local statute purports to abrogate the right to a trial by jury explicitly provided in the Revised Organic Act.

*Id.*

The People argue in response to Defendant's position that a jury trial in a criminal prosecution is not a fundamental right and the Court does not

309

exceed its authority in granting bench trials. In support of this position, the People rely on *Gov't of the Virgin Islands v. Boynes*, 45 V.I. 195 (Terr. Ct. 2003). In *Boynes*, the Court considered, *inter alia*, whether the U.S. Constitution was automatically applicable to the U.S. Virgin Islands and whether a jury trial in a criminal prosecution was a fundamental right. *Id.* at 198. The Court held that the U.S. Constitution was not automatically applicable to the U.S. Virgin Islands and the right to a jury trial in a criminal prosecution was not a fundamental right that was extended to the U.S. Virgin Islands.[2] *Id.* at 198. The People, therefore, assert that a jury trial in a criminal prosecution is not a fundamental right and the Court does not exceed its authority by granting bench trials under Title 14 V.I.C. § 4.

In a more recent Superior Court Memorandum Opinion in *People of the Virgin Islands v. Shallow*, SX-09-CR-455, 2010 V.I. LEXIS 26 (Super. Ct. April 28, 2010), the Court fleshed out the issue further. After thorough analysis of U.S. Supreme Court jurisprudence, the *Shallow* Court noted that "serious offenses," as in those offenses with a penalty in excess of six months "automatically created the right to trial by jury under the Sixth Amendment because such offenses could not be deemed petty." *Id.* 2010 V.I. LEXIS 26, at *5 (citing *Baldwin v. New York*, 399 U.S. 66, 69, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970)). The *Shallow* Court reasoned that if the defendant's position in that case was accepted "requiring jury trials for all criminal offenses, even petty ones, the realistic effect would be to

---

[2]     The *Boynes* Court explained:

The Virgin Islands has been designated as an "unincorporated" territory of the United States, and thus, it is subject to the "Territorial Incorporation" doctrine. The doctrine classifies certain rights set out in the Constitution as "fundamental" because they are "inherent principles which are the basis of all free government, which cannot be with impunity transcended." Therefore, if a right is considered fundamental, Congress is prohibited from interfering with it in the unincorporated territories. The remaining rights are classified as "remedial" rights, because they are considered "peculiar to our own system or jurisprudence," rather than essential constitutional principles. If the right is remedial, Congress is not required to secure it for U.S. citizens and other inhabitants of an unincorporated territory. . . .

Under Article III, section 2 of the U.S. Constitution and the Sixth Amendment of the Bill of Rights, citizens and other inhabitants of the fifty states have the right to a jury trial in criminal actions. This *constitutional* right to a jury trial in criminal prosecutions is deemed only a remedial right, so Congress is not required to extend it to the Territory of the U.S. Virgin Islands.

*Id.* at 199. (internal citations omitted) (emphasis in original).

erase the advantages gained by the Superior Court upon the implementation of the Magistrate Division." *Id.* at *10. Furthermore. "[i]f an unpredictable number of trials on demand by criminal defendants facing no more that six (6) months imprisonment should be made the efficient and expedient administration of justice in the Territory may be seriously impaired." *Id.* Lastly, the *Shallow* Court concluded that Section 4 of Title 14 V.I.C. was a valid exercise of legislative authority allowing judges the power to limit the term of imprisonment to six (6) months and to conduct bench trials of defendants charged with misdemeanors. *See, id.*

## B. An Individual Charged with a Misdemeanor Under U.S. Virgin Islands Law is Not Automatically Entitled to Jury Trial

■ As noted by the Court in *Shallow*, "federal rules deem that a misdemeanor, the penalty for which does not exceed six months imprisonment and a fine of $5,000 or less for an individual or $10,000 for non-individuals, are deemed petty." *Id.* at *6 (citing 18 U.S.C. § 1). Here, in the Virgin Islands, the Legislature of the Virgin Islands (hereinafter "V.I. Legislature") has determined that "a felony is a crime or offense which is punishable by imprisonment for more than one year [and] every other crime or offense is a misdemeanor." 14 V.I.C. § 2(b). A clear distinction exists between felonies analogous to "serious" offenses, and misdemeanors analogous to "petty" offenses. As the U.S. Supreme Court explained in *Lewis v. United States*, 518 U.S. 322, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996), "to determine whether an offense is petty, we consider the maximum penalty attached to the offense. This criterion is considered the most relevant with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity. . . ." *Id.* at 334-335. Indeed, this distinction with regard to the severity of an offense has been recognized by the V.I. Legislature in specifically identifying which offenses are classified as felonies and which are classified as misdemeanors. The V.I. Legislature went further and authorized trial judges to limit the term of imprisonment in misdemeanor cases "to six months in prison; in which event, the defendant may be tried by the court, except in cases where a mandatory sentence will be imposed." 14 V.I.C. § 4.

■■ The plain language and import of Section 4 of Title 14 V.I.C. is clear.[3] The Legislative grant of authority in Section 4 of Title 14 V.I.C. allows the Court to limit the term of imprisonment in a misdemeanor case to six months *and* in its discretion, by use of the word "may."[4] try the defendant by the Court. Once the Court makes a determination that the maximum prison term imposed will be limited to six months, Section 4 of Title 14 V.I.C. authorizes the Court to try the defendant by bench trial. There is no entitlement to a jury trial at this point. Entitlement to a jury trial attaches if the defendant is exposed to more than six months imprisonment. *See id. See also Lewis*, 518 U.S. at 323, 330. Accordingly, Section 4 of Title 14 V.I.C. has been applied by this Court and its predecessor for well over twenty years and this Court is not inclined to interrupt its application where this Court finds that the Legislative grant of authority is unequivocally clear and unambiguous. Consequently, this Court does not agree with the *Daly* Court that all defendants, whether charged with a felony or misdemeanor, are entitled to a jury trial upon demand with no acknowledgement of the Legislative grant of authority in Section 4 of Title 14 V.I.C. and U.S. Supreme Court precedent in applying the Sixth Amendment right to a trial by jury (under Federal Law). This would leave Section 4 of Title 14 V.I.C. with completely no effect. Likewise, this Court does not agree that Title Section 4 of Title 14 V.I.C. is inconsistent with Sections 3 and 26 of the ROA.

## C. Section 4 of Title 14 V.I.C. is Consistent with Sections 3 and 26 of the ROA

■ After close analysis, the Court finds that there are no inconsistencies between the Section 4 of Title 14 V.I.C. and Sections 3

---

[3] Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. Consequently, the first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.
*Joseph v. People of Virgin Islands*, 50 V.I. 873, 881, n. 9 (D.V.I. App. Div. 2008) (internal quotation marks and internal citations omitted).
[4] *See, e.g. Quick v. N.L.R.B.*, 245 F.3d 231, 256 (3d Cir. 2001) (noting that "may" is permissive indicating discretion, and "shall" is mandatory). *See also Alaka v. Attorney General of the United States*, 456 F.3d 88, 99 (3d Cir. 2006) (discussing that "may" rather than "shall" connotes discretion).

and 26 of the ROA. As previously discussed, the plain language of Section 4 of Title 14 V.I.C. is clear. The V.I. Legislature gave trial judges statutory authority to "limit the term of imprisonment to six months in prison; in which event, the defendant may be tried by the court, except in cases where a mandatory sentence is imposed." 14 V.I.C. § 4. Trial judges — if ruling at the inception of a case that a term of imprisonment of six months or less will be imposed — are enabled to hear the matter and no right to a jury attaches. This statutory authority is not in conflict with Section 3 of the ROA, which makes the Sixth Amendment applicable to criminal defendants, or with Section 26 of the ROA, which provides generally in criminal cases for a jury trial upon demand. More importantly, section 26 of the ROA must be read in harmony with the U.S. Constitution and U.S. Supreme Court precedent analyzing a defendant's right to a jury trial in misdemeanor or "petty" cases.

    ▮ The U.S. Supreme in *Lewis* analyzed whether a defendant charged for multiple "petty" offenses had "a constitutional right to a jury trial where the aggregate prison term authorized for the offenses exceed[ed] six months." *Lewis*, 518 U.S. at 323. The *Lewis* Court stated:

> [T]o determine whether an offense is serious for Sixth Amendment purposes, we look to the legislature's judgment, as evidenced by the maximum penalty authorized. Where the offenses charged are petty, and the deprivation of liberty exceeds six months only as a result of the aggregation of charges, the jury trial right does not apply. . . .
>
> The Constitution's guarantee of the right to a jury trial extends only to serious offenses, and petitioner was not charged with a serious offense. That he was tried for two counts of a petty offense, and therefore faced an aggregate potential term of imprisonment of more than six months, does not change the fact that the Legislature deemed this offense petty. Petitioner is not entitled to a jury trial.

*Id.* at 330. To read Section 26 of the ROA in isolation giving no consideration of the Supreme Court's interpretation of the Sixth Amendment right would be tantamount to a deprivation of justice. To that extent, it is illogical that Congress would bestow more rights on the residents of the Virgin Islands than citizens of the United States. The concurring opinion in *Lewis* further explained:

> A deprivation of liberty so significant may be exacted if a defendant faces punishment for a series of crimes, each of which can be punished

313

by no more than six months' imprisonment. The stakes for a defendant may then amount in the aggregate to many years in prison, in which case he must be entitled to interpose a jury between himself and the government. **If the trial court rules at the outset that no more than six months' imprisonment will be imposed for the combined petty offenses, however, the liberty the jury serves to protect will not be endangered, and there is no corresponding right to jury trial.**

*Id.* at 334-335 (Kennedy, J. and Breyer, J. concurring in judgment) (emphasis added).

■ This Court faces this very issue in this matter and concludes that once the Court determines that a defendant's term of imprisonment will be limited to six months, the defendant is not deprived of the right to a jury trial. The ROA must not be read to give open-ended authority for all defendants to have the right to a jury trial in direct contravention with the Supreme Court's holding in *Lewis*. Accordingly, this Court finds that Section 4 of Title 14 V.I.C. is not inconsistent with Sections 3 and 26 of the ROA and agrees with the *Shallow* Court that Section 4 of Title 14 V.I.C. was a "valid exercise of legislative authority in conferring upon trial judges of the Superior Court the power to limit the term of imprisonment to a maximum of six (6) months and conduct a bench trial of defendants charged with misdemeanors." *Shallow*, 2010 V.I. LEXIS 26, at *11.

## III. CONCLUSION

■ This Court finds that the Legislative grant of authority in Section 4 of Title 14 V.I.C. allows the Superior Court to limit the term of imprisonment in a misdemeanor case to six months *and* try the defendant by the Court. There is no right to a jury trial if the defendant is not exposed to more than six months imprisonment. Moreover, Section 4 of Title 14 V.I.C. is consistent with Sections 3 and 26 of the ROA and is in accordance with U.S. Supreme Court precedent analyzing a defendant's right to a jury trial in misdemeanor or "petty" cases. Accordingly, the People's Motion for Bench Trial shall be granted. An appropriate Order of even date follows.