IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

**COURTNEY B. MATHEWS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 20CR-17600     M. Caleb Bayless, Judge**
_____

**No. M2025-01970-CCA-R3-HC**
_____

In 1996, a Montgomery County jury convicted the petitioner, Courtney B. Mathews, of four counts of felony murder and one count of especially aggravated robbery for which he received an effective sentence of life without parole plus twenty-five years in confinement. On June 24, 2025, the petitioner applied for a writ of habeas corpus, alleging "the indictment upon which his judgment is based is duplicitous and, therefore, void." The habeas corpus court summarily dismissed the application, concluding the petition failed to state a cognizable claim for relief. The petitioner appealed. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Courtney B. Mathews, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In 1996, a Montgomery County jury convicted the petitioner, Courtney B. Mathews, of four counts of felony murder and one count of especially aggravated robbery for which he received an effective sentence of life without parole plus twenty-five years in confinement. A summary of the factual background of this case may be found in our opinion resolving the petitioner's direct appeal. *See State v. Mathews*, No. M2022-01210-

CCA-R3-CD, 2024 WL 4039728 (Tenn. Crim. App. Sept. 4, 2024), *perm. app. denied* (Tenn. Feb. 20, 2025).

On June 24, 2025, the petitioner filed a pro se application for a writ of habeas corpus. In his application, the petitioner asserted the trial court lacked jurisdiction because the indictment was duplicitous and, therefore, void on its face "charging four separate offenses of especially aggravated robbery against four distinct victims within a single count." On August 1, 2025, the State filed a motion to dismiss, arguing the petitioner failed to state a cognizable claim.

The habeas corpus court summarily dismissed the application by a written order filed on November 7, 2025. The court concluded that the petitioner failed to state a cognizable claim and that his judgments were not void. The petitioner then filed a timely notice of appeal on December 5, 2025. *See* Tenn. R. App. P. 4(a).

### *Standard of Appellate Review*

For each issue on appeal, a reviewing court must first determine the appropriate standard of review. *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court erred in summarily dismissing the application. This question is one of law, which we review "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

### *Analysis*

In this appeal, the petitioner claims the habeas corpus court erred in summarily dismissing his petition. More specifically, the petitioner contends his judgment is void on its face because the "indictment is duplicitous for charging four separate offenses of especially aggravated robbery in a single count." The State responds that a habeas corpus court was correct in summarily dismissing the petition as it failed to state a cognizable claim. We agree with the State.

The privilege of the writ of habeas corpus is guaranteed by Article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Although the writ is constitutionally protected, our supreme court has explained that "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Instead, "a habeas corpus petition is

used to challenge void and not merely voidable judgments." *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).

Thus, the scope of the writ is narrow. Its successful prosecution "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Ritchie*, 20 S.W.3d at 630. That limitation is not merely procedural; it reflects a considered constitutional boundary. A judgment that is merely irregular, or one that might have been challenged on direct appeal or in a post-conviction proceeding, does not cross that threshold. "[A] petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

Within that constitutional framework, the procedures governing habeas corpus have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq.* Under those statutes, the petitioner bears the burden to establish by a preponderance of the evidence that the judgment is void or the confinement illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If an application fails to state a cognizable claim, the court may summarily dismiss it. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). That dismissal may proceed without appointment of counsel or an evidentiary hearing where the judgment or record shows no indication that the conviction is void or that the sentence has expired. *Summers*, 212 S.W.3d at 261. This question is one of law, which we review "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

A habeas corpus court may summarily dismiss a petition without appointing counsel or conducting an evidentiary hearing when the petition fails to state a cognizable claim for relief. *Hickman*, 153 S.W.3d at 20. Summary dismissal is appropriate when the face of the petition and the record demonstrate that the judgment is not void and that the sentence has not expired. *Summers*, 212 S.W.3d at 261.

In Tennessee, an indictment is sufficient if it states "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202. Generally, an indictment is valid "if it provides sufficient information '(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy.'" *State v. Duncan*, 505 S.W.3d 480, 484-85 (Tenn. 2016) (quoting *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997)). "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the

language of the indictment will not render the judgment void." *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

As noted *supra*, the petitioner asserts that the indictment's language was duplicitous. However, this court has repeatedly held, "Duplicity in an indictment does not result in a void judgment." *Russell v. Lewis*, No. E2005-02644-CCA-R3-HC, 2007 WL 2141546, at *2 (Tenn. Crim. App. July 26, 2007) (citing *Vernon v. Dickman*, No. M2003-02268-CCA-R3-HC, 2004 WL 1778480, at *2 (Tenn. Crim. App., Aug. 9, 2004)); *Holloway v. State*, No. W2017-01573-CCA-R3-PC, 2018 WL 3954195, at *4 (Tenn. Crim. App. Aug. 16, 2018) (same); *Washington v. Lee*, No. E2017-00497-CCA-R3-HC, 2017 WL 4012080, at *3 (Tenn. Crim. App. Sept. 12, 2017) (same); *Farra v. Carlton*, No. E2009-00008-CCA-R3-HC, 2010 WL 454801, at *2-3 (Tenn. Crim. App. Feb. 5, 2010) (same). Furthermore, to the extent the petitioner's claims about an alleged duplicitous indictment implicate double jeopardy concerns, we note that violations of double jeopardy also do not result in void judgments. *Id.* (citing *Raymond Rutter v. State*, No. E2003-01386-CCA-R3-PC, 2004 WL 792066, at *3 (Tenn. Crim. App., at Knoxville, Apr. 7, 2004)).

Because the petition does not present a cognizable ground for habeas corpus relief, the habeas corpus court was authorized to dismiss it summarily without an evidentiary hearing. The petitioner, therefore, is not entitled to relief.

### *Conclusion*

In summary, we hold that the petitioner has not demonstrated that the challenged judgments are void or that his sentences have expired. Accordingly, we respectfully affirm the judgment of the habeas corpus court dismissing the application.

S/ *J. ROSS DYER*
J. ROSS DYER, JUDGE

- 4 -