**ROLAND G. MURRELL, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2009-0064

Supreme Court of the Virgin Islands

September 13, 2010

339

342

DEBRA S. WATLINGTON, ESQ., Chief Territorial Public Defender, KELE ONYEJEKWE, ESQ., Territorial Public Defender, St. Thomas, USVI, *Attorneys for Appellant.*

MATTHEW PHELAN, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(September 13, 2010)

HODGE, C.J. Appellant Roland G. Murrell (hereafter "Murrell") requests that this Court reverse his convictions for driving under the

influence and negligent driving on the grounds that the Superior Court's invocation of 14 V.I.C. § 4 deprived him of his constitutional right to a trial by jury. For the reasons that follow we will reverse the Superior Court's July 17, 2008 Judgment and remand the matter to the Superior Court for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2007, Virgin Islands Police Officers Vivian Newton (hereafter "Newton") and Alester Carty (hereafter "Carty") were dispatched to the scene of a car accident in the vicinity of Estate Tutu, St. Thomas, involving a vehicle operated by Murrell, another vehicle operated by Karen Turbe (hereafter "Turbe"), and a parked tow truck. At the scene, the officers spoke to both Turbe and Murrell, and, after smelling alcohol on Murrell's breath and performing three sobriety tests on him, concluded that he had been intoxicated.

The People of the Virgin Islands (hereafter "People") initiated criminal proceedings against Murrell on November 23, 2007. At his November 29, 2007 arraignment, Murrell pled not guilty and demanded, through his counsel, a jury trial on the charged offenses of driving under the influence and being involved in a traffic collision in violation of title 20, section 493(a)(1) of the Virgin Islands Code, as well as negligent driving in violation of title 20, section 503 of the Virgin Islands Code. On January 31, 2008, the Superior Court granted a January 9, 2008 motion by the People to amend the criminal complaint to add a second count of negligent driving.

The Superior Court held a pre-trial conference in the matter on February 11, 2008. At this conference, counsel for both Murrell and the People indicated that they were ready to proceed to trial, and the Superior Court scheduled jury selection for April 14, 2008. However, at an April 9, 2008 status hearing, Murrell's counsel informed the Superior Court that he had discussed waiving the right to a jury trial with Murrell, but Murrell had objected to the waiver. Accordingly, the Superior Court continued jury selection until April 21, 2008.[1] However, in an in-chambers hearing conducted before jury selection began, Murrell's counsel, noting that this

---

[1] Although the record of proceedings for the April 9, 2008 status conference states that the Superior Court continued jury selection until April 28, 2008, subsequent docket entries indicate that jury selection had only been continued until April 21, 2008.

was Murrell's first arrest for driving under the influence,[2] requested that the Superior Court invoke title 14, section 4 of the Virgin Islands Code to hold a bench trial on the condition that the maximum sentence imposed would not exceed six months of incarceration. The Superior Court agreed and orally invoked 14 V.I.C. § 4 at the in-chambers hearing, cancelled jury selection, and scheduled a bench trial for May 2, 2008.

At the conclusion of the May 2, 2008 bench trial, the Superior Court, after hearing testimony from Newton, Turbe, Carty, and Murrell, found Murrell guilty on all three counts. The Superior Court orally sentenced Murrell on July 7, 2008 to thirty days of suspended incarceration, one year of probation, fifty hours of community service, restitution of $3,809.00, a $500.00 fine, and a three month suspension of his drivers license on the driving under the influence charge and concurrently imposed a $200.00 fine and twenty-five hours of community service for each count of negligent driving. Murrell timely filed his notice of appeal on July 15, 2008.[3] The Superior Court subsequently memorialized its oral sentence in a July 17, 2008 Judgment.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). Because the Superior Court's July 17, 2008 Judgment constitutes a final judgment, this Court possesses jurisdiction over Murrell's appeal.

Ordinarily, the standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). However, when a criminal defendant fails to object to a Superior Court decision or order,

---

[2] Pursuant to statute, a second conviction for driving under the influence is punishable as a felony rather than a misdemeanor so long as it is within ten years of the first conviction. *See* 20 V.I.C. § 493(b)(2).

[3] *See* V.I.S.Ct.R. 5(b)(1). ("A notice of appeal filed after the announcement of a decision, sentence, or order — but before entry of the judgment or order — is treated as filed on the date of and after the entry of judgment.")

this Court only reviews for plain error, provided that the challenge has been forfeited rather than waived. *Francis v. People*, 52 V.I. 381, 390-391 (V.I. 2009).

## B. The Superior Court Acted Contrary to Law When it Invoked 14 V.I.C. § 4

Murrell, as his sole issue on appeal, contends that he is entitled to a new trial because the Superior Court violated his constitutional right to a jury trial when it invoked 14 V.I.C. § 4 to hold a bench trial instead of a jury trial. The People, however, argue that Murrell did not have a right to a jury trial with respect to any of the charged offenses and, even if he did, that any right to a jury trial had been waived. Moreover, both parties acknowledge that because Murrell did not object to the Superior Court's invocation of 14 V.I.C. § 4, the Superior Court's invocation of 14 V.I.C. § 4 must also satisfy all prongs of the plain error standard of review even if its decision constituted error and Murrell did not waive his right to a jury trial. For the reasons that follow, we hold that the Superior Court violated 14 V.I.C. § 4 when it invoked that statute to order a bench trial on the driving under the influence charge, and also violated Murrell's right to a jury trial pursuant to section 3 of the Revised Organic Act of 1954 (hereafter "ROA"), codified as 48 U.S.C. §§ 1541-1645, when it invoked 14 V.I.C. § 4 on the driving under the influence and negligent driving charges.

### 1. *14 V.I.C. § 4 Does Not Authorize a Bench Trial for Driving Under the Influence in This Case*

Murrell does not contend on appeal that 14 V.I.C. § 4 itself did not authorize the Superior Court to hold a bench trial with respect to all charges, but instead solely argues that invocation of 14 V.I.C. § 4 violated his constitutional right to a jury trial. However, it is well-established that courts possess an "obligation . . . to avoid deciding constitutional issues needlessly." *Christopher v. Harbury*, 536 U.S. 403, 417, 122 S. Ct. 2179, 2188, 153 L. Ed. 2d 413 (2002). *See also United States v. A.D.*, 28 F.3d 1353, 1359 (3d Cir. 1994) (recognizing that it is a "well established rule of statutory construction" to give a statute "every reasonable construction" that is not plainly contrary to the legislature's intent prior to considering a serious challenge to its constitutionality) (quoting *DeBartolo Corp. v. Florida Gulf Coast Trades Council*, 485 U.S. 568,

347

575, 108 S. Ct. 1392, 1397, 99 L. Ed. 2d 645 (1988)). Moreover, "[p]arties to a dispute cannot stipulate to the law and assume that the court will follow blindly an incorrect interpretation of the law, especially in an unsettled and everchanging area." *Carlile v. S. Routt Sch. Dist. Re-3J IN*, 739 F.2d 1496, 1500 (10th Cir. 1984). Consequently, prior to considering Murrell's constitutional argument, this Court will first independently determine whether 14 V.I.C. § 4 itself permitted the Superior Court to order a bench trial.

■ Section 4 of title 14 expressly provides that "[i]n misdemeanor cases only, trial judges are authorized to limit the term of imprisonment to six months in prison; in which event, the defendant may be tried by the court, *except* in cases where a mandatory sentence is imposed." (emphases added). Pursuant to statute, "a felony is a crime or offense which is punishable by imprisonment for more than one year; and . . . every other crime or offense is a misdemeanor." 14 V.I.C. § 2(b). While the statute codifying the offense of negligent driving does not provide for a maximum or minimum sentence or identify the offense as a felony or a misdemeanor, *see* 20 V.I.C. § 503, the Legislature has instructed that "[w]hen . . . an act or omission is declared by this Code or other law to be a crime or public offense, but without designation thereof as either a felony or a misdemeanor; and . . . no penalty therefor is prescribed by this Code or other law . . . the act or omission is punishable as a misdemeanor," 14 V.I.C. § 3(b), and has further provided that, "[e]xcept in cases where a different punishment is prescribed by law . . . every crime or offense declared to be a misdemeanor is punishable by a fine not exceeding $200 or by imprisonment not exceeding one year, or by both" 14 V.I.C. § 3(a)(2). Accordingly, because negligent driving is a misdemeanor that does not contain a mandatory sentence, 14 V.I.C. § 4 authorized the Superior Court to hold a bench trial *sua sponte* or upon motion of either party.

■ The same is not true, however, for the charge of driving under the influence. Pursuant to the statute codifying the offense of driving under the influence, an individual convicted of driving under the influence for the first time "shall be guilty of a misdemeanor and shall be punished by imprisonment for not more than one year, or by a fine of not less than three hundred dollars, or by both[,] [p]rovided, however, if the person was involved in an accident . . . the *minimum* fine *shall not be less* than five hundred dollars." 20 V.I.C. § 493(b)(1) (emphases added). Thus, unlike

negligent driving, the Superior Court is required to impose a mandatory minimum fine as part of its sentence for the offense of driving under the influence when the defendant was involved in an accident.[4] At oral argument, the People contended that the phrase "mandatory sentence" in 14 V.I.C. § 4 only refers to mandatory minimum periods of incarceration, and therefore does not encompass the $500.00 fine mandated by 20 V.I.C. § 493(b)(1). We cannot agree.

■ The Virgin Islands Code does not define the term "sentence," let alone "mandatory sentence." In the absence of such a definition, the Legislature has directed that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning." 1 V.I.C. § 42. While the Virgin Islands Code does not have a general definition of "sentence," it does discuss the related term "punishment," and expressly provides that incarceration, fines, removal from office, and disqualification from office are all part of the punishment for a crime or offense. 14 V.I.C. § 1. Moreover, the phrase "mandatory sentence" has been defined as any sentence in which a judge lacks the discretion to individualize punishment. *See* BLACK'S LAW DICTIONARY 1394 (8th ed. 2004) (defining "mandatory sentence" as "[a] sentence set by law with no discretion for the judge to individualize punishment."). In addition, the United States Supreme Court has expressly characterized mandatory fines as part of a defendant's sentence for an offense. *See Bozza v. United States,* 330 U.S. 160, 165-66, 67 S. Ct. 645, 648-49, 91 L. Ed. 818 (1947). Finally, had the Legislature intended to refer only to mandatory incarceration in 14 V.I.C. § 4, it could have used the phrase "term of imprisonment" as it did earlier in the statute instead of using the broader term "sentence." Accordingly, because of the mandatory $500.00 fine applicable to this case involving an accident, we conclude that 14 V.I.C. § 4 did not authorize the Superior Court to order a bench trial on the driving under the influence charge.

---

[4] Because the amended criminal complaint alleged that Murrell was involved in an accident, (J.A. at 12), it is not necessary or proper for this Court to determine, in this appeal, whether the $200.00 fine provided for in driving under the influence cases that do not involve accidents is mandatory or discretionary.

## 2. *The Superior Court's Invocation of 14 V.I.C. § 4 Violated Murrell's Right to a Jury Trial Under Section 3 of the Revised Organic Act*

Although the Superior Court violated 14 V.I.C. § 4 when it ordered a bench trial on the driving under the influence charge, the plain text of 14 V.I.C. § 4 authorized the Superior Court to hold a bench trial for both counts of negligent driving. Therefore, it remains necessary for this Court to consider Murrell's argument that 14 V.I.C. § 4 is inconsistent with the ROA and, in the process, resolve a recent split among the judges of the Superior Court as to that statute's constitutionality. *Compare People v. Daly*, 53 V.I. 17 (V.I. Super. Ct. 2010) (holding 14 V.I.C. § 4 is inconsistent with the Revised Organic Act) *with People v. Chandler*, 53 V.I. 304 (V.I. Super. Ct. 2010) (holding 14 V.I.C. § 4 does not violate the Revised Organic Act); *People v. Shallow*, 53 V.I. 154 (V.I. Super. Ct. 2010) (same). To determine whether the Superior Court's invocation of 14 V.I.C. § 4 violated Murrell's right to a jury trial, this Court must consider (1) the source of the right to a jury trial in Virgin Islands local courts; (2) whether Murrell would have possessed a right to a jury trial with respect to all charged offenses if 14 V.I.C. § 4 had not been invoked; and (3) whether invocation of 14 V.I.C. § 4, if proper, affects the seriousness of the charged offenses. For the reasons that follow, we hold that the Superior Court's invocation of 14 V.I.C. § 4 violated Murrell's right to a jury trial under the Sixth Amendment right to a jury trial incorporated through section 3 of the ROA.

### a. *The Source of the Right to a Jury Trial in Virgin Islands Local Courts*

■ It is not in dispute that the United States Supreme Court has held that the Sixth Amendment right to a jury trial is not a constitutional right that is so fundamental that it must automatically apply to the Virgin Islands and other unincorporated territories. *See Balzac v. Porto Rico*, 258 U.S. 298, 304-05, 42 S. Ct. 343, 345, 66 L. Ed. 627 (1922); *Gov't of the V.I. v. Bodle*, 427 F.2d 532, 533 n.1, 7 V.I. 507 (3d Cir. 1970). However, the ROA, which serves as the equivalent of a constitution for the Virgin Islands, *see Browne v. People*, 50 V.I. 241, 254 (V.I. 2008), contains two provisions that could be construed as conferring criminal defendants with a right to a jury trial. Section 26 of the ROA, which was last amended in 1958, provides that "[a]ll criminal cases originating in the district court shall be tried by jury upon demand by the defendant or by

the Government. If no jury is demanded the case shall be tried by the judge of the district court without a jury except that the judge may, on his own motion, order a jury for the trial of any criminal action. The legislature may provide for trial in misdemeanor cases by jury of six qualified persons." The Revised Organic Act of 1954, § 26, 48 U.S.C. § 1616, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159 (1995) (preceding V.I. CODE ANN. tit. 1). However, the ROA was subsequently amended in 1968 to expressly incorporate the Sixth Amendment of the United States Constitution to the Virgin Islands[5] through section 3, which provides that "[t]he following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to the Territory and shall have the same force and effect there as in the United States or any State of the United States . . . the first to ninth amendments inclusive." 48 U.S.C. § 1561.

█ In his brief, Murrell, citing the Superior Court's decision in *Daly*, contends that sections 3 and 26 both bestow a right to a jury trial on criminal defendants in Virgin Islands local courts, and that section 26 confers greater protection than the Sixth Amendment because it provides that "defendants in *all* criminal matters" are entitled to "a right to a jury trial when demanded, irrespective of whether the charge is a felony or misdemeanor." 53 V.I. at 23-24 (emphasis added). We disagree, and hold that — in Virgin Islands local courts — only the Sixth Amendment, incorporated through section 3 of the ROA, establishes the substantive right to a jury trial.[6]

---

[5] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where in the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI.

[6] We note that, in *Chandler*, the Superior Court rejected the argument that section 26 of the ROA provides greater protection than the Sixth Amendment right to a jury trial on the basis that "it is illogical that Congress would bestow more rights on the residents of the Virgin Islands than citizens of the United States." 53 V.I. at 313-314. Putting aside that all those born in the Virgin Islands after January 17, 1917 are citizens of the United States, *see* 8 U.S.C. § 1406, numerous examples exist of Congress conferring, through a territory's organic act or constitution, rights that are greater than those afforded by the United States Constitution. For example, the Guam Organic Act guarantees the right to compulsory education for chil-

Both Murrell and the *Daly* court — as well as the Superior Court in *Chandler, Shallow,* and earlier decisions[7] — have seemingly overlooked and failed to discuss the fact that the plain text of section 26 states that the right to a jury trial extends to "[a]ll criminal cases . . . *originating in the district court."* 48 U.S.C. § 1616 (emphasis added). "[I]n construing a statute, if the intent of the Legislature is clear, that is the end of the matter." *In re Infant Sherman,* 49 V.I. 452, 456 (V.I. 2008) (citations and internal quotations omitted). It is therefore necessary to determine whether Congress intended to limit section 26's jury trial right solely to cases originating in the District Court.

█ █ Because literal interpretation of a statute is strongly favored, *Gov't of the V.I. v. Knight,* 28 V.I. 249, 259, 989 F.2d 619 (3d Cir. 1993), a court should not adopt an interpretation of a statute that contradicts its plain text unless "it is *uncontested* that legislative intent is at odds with the literal terms of the statute." *Gilbert v. People,* 52 V.I. 350, 357 (V.I. 2009) (quoting *Morgan v. Gay,* 466 F.3d 276, 278 (3d Cir. 2006)) (emphasis in original). Here, we conclude that Congress, in adopting section 26 of the ROA, intended for section 26 to apply the right to a jury trial to all Virgin Islands courts. "It is firmly entrenched that Congress is

---

dren between the ages of six and sixteen years, 48 U.S.C. § 1421b(r), and mandates that the Government of Guam provide Guam residents with "an adequate public educational system," 48 U.S.C. § 1421g(b), even though the United States Supreme Court has repeatedly held that the right to an education is not explicitly or implicitly guaranteed by the United States Constitution. *See, e.g., San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 35, 93 S. Ct. 1278, 1297, 36 L. Ed. 2d 16 (1973) ("Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected."). Moreover, although "[t]he United States Supreme Court has held that the excessive bail clause in the Eighth Amendment to the United States Constitution does not guarantee a right to bail in all cases," this Court has held that "Congress, in addition to enacting the Eighth Amendment's excessive bail prohibition language in the ROA, enacted the bail provision in section 3 of the ROA," which, "by [its] plain language," ensures that "all defendants, other than those charged with first degree murder where the proof is evident or the presumption great, are bailable by sufficient sureties." *Tobal v. People,* 51 V.I. 147, 151 (V.I. 2009) (quoting *Browne v. People,* 50 V.I. 241 (V.I. 2008)). Accordingly, the fact that Murrell's proposed interpretation of section 26 of the ROA would, if accepted, have the practical effect of criminal defendants in the Virgin Islands possessing a greater right to a jury trial than the minimum guaranteed by the United States Constitution cannot, in and of itself, provide a valid basis for rejecting that interpretation.

[7] *See, e.g., Gov't v. Boynes,* 45 V.I. 195, 201-04 (V.I. Super. Ct. 2003) (applying section 26 to criminal prosecution in Virgin Islands local court, but failing to acknowledge language that section 26 only applies to district court).

presumed to enact legislation with knowledge of the law," *United States v. Langley*, 62 F.3d 602, 605 (4th Cir. 1995), and, accordingly, appellate courts "assume that Congress is aware of existing law when it passes legislation." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32, 111 S. Ct. 317, 112 L. Ed. 2d 275 (1990). Significantly, pursuant to section 21 of the ROA and local law as it existed in 1958, the Municipal Court — the predecessor to the Superior Court — possessed exclusive jurisdiction over all criminal cases arising under local law in which "the maximum punishment which may be imposed does not exceed a fine of $100 or imprisonment for six months, or both," while the District Court possessed exclusive jurisdiction over all other criminal actions arising under local law. Thus, when Congress adopted the 1958 amendments to section 26, it was aware that local Virgin Islands courts lacked jurisdiction over virtually all criminal actions and were not authorized to conduct jury trials. *See Phillips v. People*, 51 V.I. 258, 273 (V.I. 2009) ("The District Court's exclusive jurisdiction over criminal cases arising under either federal or local law lasted until 1984, when Congress, through an amendment to the Revised Organic Act of 1954 . . . bestowed concurrent jurisdiction to the Superior Court . . . over criminal offenses arising out of violations of local law."); *Gov't of the V.I. v. Russell*, 477 F.2d 62, 63, 10 V.I. 572 (3d Cir. 1973) ("[J]ury trials are not held in the municipal court."). Moreover, the United States Senate Report on the 1958 amendments to section 26 of the ROA states that the purpose of the amendments are to "clarif[y] section 26 of the Revised Organic Act of the Virgin Islands which concerns the right to trial by jury in criminal cases," without the qualification that section 26 was intended to only apply to District Court proceedings. *See Gov't of the V.I. v. Parrott*, 10 V.I. 564, 476 F.2d 1058, 1060 n.4 (3d Cir. 1973) (quoting Senate Report No. 2267, 85th Congress, 2d session, on H.R. 12303, U.S. Code Cong. & Admin.News 1958, 4334, 4336). Thus, the reference in section 26 to the District Court reflected the state of the law and procedures in effect in the Virgin Islands court system in 1958, and was not intended to limit the right to a jury trial solely to cases heard in the District Court. *Id.*

■ This result is consistent with previous decisions interpreting laws enacted prior to the expansion of the Superior Court's original jurisdiction and the corresponding reduction of the District Court's jurisdiction over purely local matters. For instance, in *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 43 V.I. 277 (3d Cir. 2000), the United States Court of Appeals for the

Third Circuit (hereafter "Third Circuit") held that 5 V.I.C. § 1303 authorized the Superior Court to issue writs of habeas corpus notwithstanding that statute's language that "[t]he writ of habeas corpus may be granted by the district court" because legislation expanding the Superior Court's jurisdiction over all purely local civil actions — and, correspondingly, eliminating the District Court's jurisdiction over those matters — was not passed until thirty years after section 1303 was enacted, thus implicitly amending section 1303. *Id.* Moreover, in *Russell* — which involved an appeal of a conviction obtained in the Municipal Court — the Third Circuit expressly applied section 26 to criminal prosecutions in Virgin Islands local courts, although it did not explain its reasoning. 477 F.2d at 63. Accordingly, we hold that section 26 is not limited only to cases originating in the District Court, but is also applicable to the Superior Court.

Nevertheless, a finding that section 26 applies to both the District Court and the Superior Court does not end this Court's inquiry as to the source of the substantive right to a jury trial. As noted earlier, Congress amended section 3 of the ROA in 1968 — ten years after it last amended section 26 — to extend the Sixth Amendment to the Virgin Islands and for it to "have the same force and effect there as in the United States or any State of the United States." 48 U.S.C. § 1561. Moreover, the 1968 amendments to section 3 also provided that "[a]ll laws enacted by Congress with respect to the Virgin Islands . . . which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency." *Id.* Consequently, this Court must consider whether the 1968 amendments to section 3 had the effect of repealing all or part of section 26.

 The Third Circuit considered the relationship between sections 3 and 26 of the ROA in *Gov't of the V.I. v. Parrott*, 10 V.I. 564, 476 F.2d 1058, 1060 (3d Cir. 1973). In *Parrott,* the Third Circuit noted that while the language in section 26 providing for a jury trial had been adopted in 1958, the portion of section 3 extending the Sixth Amendment to the Virgin Islands was enacted in 1968. *Id.* at 1060. Accordingly, while section 26, prior to the 1968 amendment to section 3, conferred "basic guarantees similar to those of the Sixth Amendment," *Bodle,* 427 F.2d at 533 n.1, the 1968 amendment to section 3 of the ROA, "by extending the Sixth Amendment to the Constitution of the United States to the territory conferred upon persons accused of crimes . . . the right to trial by jury." *Parrott,* 476 F.2d at 1060. In other words, "whatever may have been the

situation in the Virgin Islands prior to 1968," Congress, through the 1968 amendment to section 3, expressed its intent for the Sixth Amendment, rather than section 26, to confer the substantive right to a jury trial in Virgin Islands local courts. *Id.* We concur in this interpretation of the effect of the 1968 amendment to section 3 on section 26. Consequently, Murrell's reliance on the Superior Court's holding in *Daly* that section 26 continues to "afford[] to defendants in all criminal matters . . . a right to a jury trial when demanded, irrespective of whether the charge is a felony or misdemeanor," 53 V.I. at 23-24, is misplaced because the subsequent adoption of the 1968 amendment to section 3 manifested Congress's intent for the substantive right to a jury trial in the Virgin Islands to be equivalent to that authorized under the Sixth Amendment.

### b. The Superior Court's Invocation of 14 V.I.C. § 4 Violated the Sixth Amendment as Incorporated Through Section 3 of the ROA

██ ██ "The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . .' It is well established that the Sixth Amendment, like the common law, reserves this jury trial right for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.' " *Lewis v. United States,* 518 U.S. 322, 325, 116 S. Ct. 2163, 2166, 135 L. Ed. 2d 590 (1996) (quoting *Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S. Ct. 1444, 1453, 20 L. Ed. 2d 491 (1968)). To determine whether an offense is "petty" or "serious," a court must consider "objective indications of the seriousness with which society regards the offense." *Frank v. United States,* 395 U.S. 147, 148, 89 S. Ct. 1503, 1505, 23 L. Ed. 2d 162 (1969). Under this objective test, a court must "place primary emphasis on the maximum prison term authorized" because "[t]his criterion is considered the most relevant with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity." *Lewis,* 518 U.S. at 326. Significantly, applying the objective test prevents the judiciary from substituting its judgment for that of a legislature, "which is far better equipped" to determine whether an offense is "serious" or "petty." *Id.* (quoting *Blanton v. North Las Vegas,* 489 U.S. 538, 541, 109 S. Ct. 1289, 1292, 103 L. Ed. 2d 550 (1989)). The United States Supreme Court has expressly instructed that "[a]n offense carrying a

355

maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.* (citing *Blanton,* 489 U.S. at 543). Accordingly, all offenses carrying a maximum prison term in excess of six months are "serious" offenses to which a right to a jury trial attaches under the Sixth Amendment. *See Lewis,* 518 U.S. at 325; *Blanton,* 489 U.S. at 544 ("It is not constitutionally determinative . . . that a particular defendant may be required to serve some amount of jail time less than six months."); *Baldwin v. New York,* 399 U.S. 66, 69, 90 S. Ct. 1886, 1888, 26 L. Ed. 2d 437 (1970) ("[W]e have concluded that no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized."); *Frank,* 395 U.S. at 148; *Duncan,* 391 U.S. at 159.

The Virgin Islands Code, however, does not classify crimes and offenses as "serious" or "petty," but only as "felonies" and "misdemeanors." 14 V.I.C. § 2(a). Pursuant to statute, "a felony is a crime or offense which is punishable by imprisonment for more than one year; and . . . every other crime or offense is a misdemeanor." 14 V.I.C. § 2(b). Therefore, while all crimes the Legislature has classified as felonies are "serious" offenses, a misdemeanor may be either "serious" or "petty" depending on whether the maximum period of incarceration authorized for that offense exceeds six months. Consequently, while the People's briefs, as well as the Superior Court's decisions in *Shallow* and *Chandler,* conflate misdemeanors with petty offenses, the United States Supreme Court precedents preclude treating these terms as synonyms for purposes of determining whether the Sixth Amendment right to a trial by jury attaches.[8] *See Lewis,* 518 U.S. at 325; *Blanton,* 489 U.S. at 542; *Baldwin,* 399 U.S. at 69; *Frank,* 395 U.S. at 148; *Duncan,* 391 U.S. at 159.

As discussed above, the maximum authorized period of incarceration for both driving under the influence in violation of 20 V.I.C.

---

[8] Significantly, we note that Congress, in enacting section 26 of the ROA — which, as the Third Circuit has noted, conferred "basic guarantees similar to those of the Sixth Amendment," *Bodle,* 427 F.2d at 533 n.1 — recognized the distinction between a "petty" misdemeanor and a "serious" misdemeanor by providing for the right to a trial by a six person jury in misdemeanor cases tried in the District Court, which — pursuant to section 21 of the ROA — would have been limited only to cases where the maximum incarcerative penalty for an offense exceeds six months, with all misdemeanors with lower maximum penalties being tried in the Municipal Court without a jury.

§ 493(b)(1) and negligent driving in violation of 20 V.I.C. § 503 is one year, and thus — in the absence of 14 V.I.C. § 4 treatment — are "serious" offenses to which the right to a jury trial would have attached. Therefore, prior to invocation of 14 V.I.C. § 4, Murrell would have possessed a Sixth Amendment right to a jury trial with respect to all the charges against him.

### c. The Impact of 14 V.I.C. § 4 on the Seriousness of an Offense

██ Having established that negligent driving and driving under the influence are both "serious" offenses, it is necessary for this Court to consider whether invocation of 14 V.I.C. § 4 — which authorizes trial judges "to limit the term of imprisonment to six months in prison" — transforms both of these crimes into "petty" offenses to which the Sixth Amendment right to a jury trial does not attach. However, as the *Daly* court recognized and the *Shallow* and *Chandler* courts did not, this Court has already examined the impact of 14 V.I.C. § 4 on an offense:

> The plain language of title 14, section 4 clearly states that a trial judge may "*limit* the term of imprisonment to six months in prison," and therefore allow for a bench trial in lieu of a jury trial. (emphasis added). The People are correct, however, that this statute only appears to limit the *term* of incarceration, and thus, for purposes of interpreting title 5, section 3711, the trial court's invocation of title 14, section 4 does not change the maximum *punishment* available under title 14, section 2101(b).

*Cheatham v. People,* S. Ct. Crim. No. 2008-0026, 2009 V.I. Supreme LEXIS 22, *6 (V.I. Mar. 27, 2009) (emphases in original).[9]

██ ██ This Court's holding in *Cheatham* is consistent with the United States Supreme Court's objective test. As discussed above, the objective test — for purposes of determining whether the Sixth Amendment right to a jury trial attaches — does not consider the sentence a judge has agreed to give with respect to a particular defendant, but the "maximum authorized penalty" that could potentially be imposed on *any*

---

[9] Although not determinative to this Court's statutory analysis, we note that in *Cheatham* it was the People who argued that this Court should adopt this interpretation of 14 V.I.C. § 4. *See Cheatham,* 2009 V.I. Supreme LEXIS 22, at *6 ("The People note that section 4 of title 14 only limits the term of imprisonment to six months, and thus does not change the maximum possible sentence, which may include a punishment other than imprisonment.")

defendant for *that* particular offense. *See Blanton,* 489 U.S. at 544 ("It is not constitutionally determinative, therefore, that a particular defendant may be required to serve some amount of jail time less than six months."); *Frank,* 395 U.S. at 149 ("In ordinary criminal prosecutions, the severity of the penalty authorized, not the penalty actually imposed, is the relevant criterion."). This is because the purpose of the objective test is not to assess the defendant's likely loss of liberty, but to determine how society — acting through its legislature — has chosen to view a particular offense.[10] *Blanton,* 489 U.S. at 543. *See also Lewis,* 518 U.S. at 326 (emphasizing that the maximum penalty attached to the offense is the most relevant criterion "with which to assess the character of an offense."). Consequently, while the Superior Court in *Chandler* and *Shallow* was correct to hold that, under *Lewis,* an offense with a maximum penalty of six months incarceration is presumptively a "petty" offense, these decisions failed to recognize — as this Court did in *Cheatham* and the Superior Court did in *Daly* — that 14 V.I.C. § 4 does not alter the maximum penalty for an offense, but only limits the punishment that will be imposed with respect to a single defendant in a particular case.[11] Thus, because it is the maximum penalty that may be

---

[10] Although on appeal the People have not directly argued that the Legislature, in enacting 14 V.I.C. § 4, has chosen to deem convictions obtained after 14 V.I.C. § 4 has been invoked as "petty," we note that, in both *Chandler* and *Shallow,* the Superior Court implied — but did not explicitly hold — that the Legislature made such a judgment when it enacted 14 V.I.C. § 4. *See Chandler,* 53 V.I. at 310-311; *Shallow,* 53 V.I. at 161. However, this Court cannot find any basis to support such a proposition. Given that the Virgin Islands Code only classifies crimes as "felonies" and "misdemeanors," we cannot conclude that the Legislature has made such a judgment. In addition, the fact that no provision of the Virgin Islands Code refers to convictions obtained pursuant to 14 V.I.C. § 4 as less serious or in any way treats such convictions — other than the sentence imposed — differently than a conviction obtained after a jury trial provides further support that the Legislature intended such convictions to remain full misdemeanor convictions. Finally, we note that unlike statutes authorizing higher penalties for recidivist offenders and lower penalties for youthful offenders, 14 V.I.C. § 4 — by vesting the decision to invoke leniency solely with Superior Court judges without providing any guidelines or limitations on exercising that discretion — cannot be construed as a legislative judgment to treat a certain class of defendants more leniently than other defendants. *See Modeste v. Horn,* 499 F. Supp. 2d 272, 277-78 (E.D.N.Y. 2007).

[11] Moreover, we note that the Superior Court did not recognize, in either *Chandler* or *Shallow,* the United States Supreme Court's holding in *United States v. Jackson,* 390 U.S. 570, 581-82, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968), in which that court held that it is unconstitutional for a legislature to promote bench trials and guilty pleas by requiring judges to impose a lesser maximum penalty after a bench trial or a guilty plea than could be imposed

imposed on any defendant for an offense that determines whether the charged offense is a serious crime entitling the defendant to a jury trial, and not the maximum penalty that a judge may, at his or her discretion, impose in a given case, invoking 14 V.I.C. § 4 to limit a particular defendant's sentence to no more than six months incarceration has no impact on that defendant's right to a jury trial pursuant to section 3 of the ROA. *See also State v. Bilc,* 158 N.H. 651, 972 A.2d 1029, 1032-33 (N.H. 2009) (finding statute that denied defendants convicted of a class A misdemeanor, which was punishable by up to one year incarceration, the right to a jury trial so long as sentence imposed was consistent with that of a class B misdemeanor is unconstitutional because maximum possible sentence, not sentence actually imposed, controls right to a jury trial).

 We recognize that, "[t]he legislature, under the State's police power, has wide discretion to classify offenses and prescribe penalties for those offenses." *People v. R.L.,* 158 Ill. 2d 432, 634 N.E.2d 733, 738 (1994). *See also* 48 U.S.C. § 1574(a) ("The legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation not inconsistent with [the ROA] or the laws of the United States made applicable to the Virgin Islands. . . ."). However, unlike other jurisdictions, whose legislatures have exercised that discretion to adopt multiple classes of misdemeanors or different degrees of misdemeanor offenses in order to grant prosecutors and judges the discretion to order a bench trial over a defendant's objection without violating the defendant's Sixth Amendment right to a jury trial,[12] the Virgin Islands Legislature has chosen to codify "negligent driving" and "driving under the influence" as single offenses that carry maximum authorized penalties of up to one year incarceration. *See Burgess v. United States,* 681 A.2d 1090, 1093-94 (D.C.

---

after a jury trial for the same offense. *See also Spillers v. State,* 84 Nev. 23, 436 P.2d 18, 23 (1968) ("The equal protection clause of the Fourteenth Amendment to the federal constitution also denies validity to the penalty scheme of NRS 200.360(1). A state may not prescribe different penalties for the same offense without violating the equal protection concept. Thus the statute is unconstitutional insofar as it allows a jury to impose a greater penalty than a court for the same offense, thus violating the Sixth and Fourteenth Amendments to the federal constitution. . . . ").

[12] *See, e.g., Amancio v. Forster,* 196 Ariz. 95, 993 P.2d 1059, 1059-60 (1999) (holding right to jury trial not attached when prosecutor exercised discretion to charge offense of "unlawful imprisonment" as a class 1 misdemeanor — punishable by a maximum of six months incarceration — rather than a class 6 felony, when statute authorized prosecutor to charge offense as either a misdemeanor or a felony).

1996) (explaining that offenses of assault and destruction of property, while formerly punishable by up to one year incarceration, no longer require a jury trial because of legislature's decision to reduce maximum penalty to six months incarceration). Accordingly, because section 3 of the ROA conferred Murrell with the Sixth Amendment's right to a jury trial for these offenses, the Legislature could not, through adopting 14 V.I.C. § 4, authorize reduction of incarcerative sentences in particular cases while having the maximum penalty for the underlying offenses remain in excess of six months, *see* 48 U.S.C. § 1574(a) (stating that Virgin Islands Legislature lacks authority to pass laws that are inconsistent with the ROA), but could only mandate that such cases be heard by a six person jury as authorized by section 26 of the ROA. *See* 48 U.S.C. § 1616 ("The legislature may provide for trial in misdemeanor cases by jury of six qualified persons."). Likewise, because the Legislature may not pass legislation inconsistent with the Sixth Amendment right to a jury trial, it also cannot authorize Superior Court judges to infringe upon that right. *See Kendall v. Russell,* 572 F.3d 126, 138, 52 V.I. 1021 (3d Cir. 2009) (holding Virgin Islands Legislature may not delegate power that it does not have); *see also Geng v. State,* 276 Ga. 428, 578 S.E.2d 115, 117 (2003) (holding that "we do not believe the constitutional right to a jury trial can be eradicated simply by allowing the judges of the City Court of Atlanta to give [the offense] another designation."); *State v. Grimble,* 397 So.2d 1254, 1256 (La. 1980) ("[I]t is the legislative determination of an offense's seriousness which entitles an accused to jury trial and not the possibly arbitrary decision-making of the trial court."). Therefore, the Virgin Islands Legislature, by authorizing, through 14 V.I.C. § 4, for Superior Court judges to arbitrarily deprive a defendant of the right to a jury trial by agreeing to impose an incarcerative sentence of no more than six months, acted contrary to section 3 of the ROA, which requires the Sixth Amendment to "have the same force and effect [in the Virgin Islands] as in the United States or any State of the United States," 48 U.S.C. § 1561, and section 26, which provides authority for such cases to be heard by a jury of not less than "six qualified persons."[13] 48 U.S.C. § 1616.

---

[13] We note that, in *Shallow,* the Superior Court observed that "the realistic effect" of a holding that 14 V.I.C. § 4 is inconsistent with the Sixth Amendment "would be to erase the advantages gained by the Superior Court upon the implementation of the Magistrate Division" and fur-

## C. The Superior Court's Errors Entitle Murrell to a New Trial

Although the Superior Court violated 14 V.I.C. § 4 when it ordered a bench trial on the driving under the influence charge and violated section 3 of the ROA when it invoked 14 V.I.C. § 4 to order a bench trial on each count of negligent driving and driving under the influence, this Court must, in order to determine whether the remedy of a new trial is appropriate, consider (1) whether Murrell waived, rather than forfeited, his right to a jury trial; and (2) if Murrell merely forfeited this right, whether the Superior Court's errors rise to the level of plain error. For the reasons that follow, this Court holds that Murrell did not waive his right to a jury trial and is entitled to a new trial even under the plain error standard of review.

### 1. *Murrell Forfeited, Rather than Waived, His Right to a Jury Trial*

In its brief, the People contend that Murrell waived his right to a jury trial because his attorney invited any error by orally moving for the Superior Court to invoke 14 V.I.C. § 4 at the April 21, 2008 in-chambers hearing. Murrell, however, argues that there is no evidence that he — as opposed to his attorney — waived his right to a jury trial, and thus the right was only forfeited and reviewable by this Court for plain error. We agree.

 "[W]hen a legal rule has been waived, an appeal based upon the nonadherence to that legal principle is precluded. If, however, the correct application of the rule merely was 'forfeited,' " then an appellate court may nevertheless review for plain error pursuant to Federal Rule of

---

ther noted that "[i]f an unpredictable number of trials on demand by criminal defendants facing no more than six (6) months imprisonment should be made the efficient and expedient administration of justice in the Territory may be seriously impaired." 53 V.I. at 161. However, while we recognize that our holding may result in the Superior Court taking longer to resolve misdemeanor cases in which the maximum authorized penalty exceeds six months incarceration, "constitutional rights may not be sacrificed in the name of judicial economy." *State v. Gibbons,* 740 P.2d 1309, 1314 (Utah 1987). Moreover, as mentioned above, the Legislature may remedy this situation by either amending 14 V.I.C. § 3(a)(2) to provide that the maximum penalty for all misdemeanors shall be no more than six months incarceration, or enacting a new criminal code that distinguishes between petty offenses, misdemeanors, and felonies.

Criminal Procedure 52(b).[14] *Gov't of the V.I. v. Rosa,* 399 F.3d 283, 290 (3d Cir. 2005). "Stated most simply, 'where there was forfeiture, we apply a plain error analysis; where there was waiver, we do not.'" *Id.* at 290-91 (quoting *United States v. Mitchell,* 85 F.3d 800, 807 (1st Cir. 1996)). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *United States v. Olano,* 507 U.S. 725, 733, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993) (citation omitted).

 "The threshold question in deciding whether there is appellate authority to grant relief under Rule 52(b), is therefore whether the appellant who failed to object in the trial court to an error that violated his rights was aware of the relinquished or abandoned right." *Rosa,* 399 F.3d at 291 (citing *United States v. Perez,* 116 F.3d 840, 845 (9th Cir. 1997)). "If he had that knowledge, yet intentionally chose to abandon the right, his failure to object will be deemed a 'waiver' depriving him of the opportunity to obtain relief on appeal. Accordingly, an explicit agreement or stipulation constitutes a waiver of rights if the defendant was aware of the right." *Id.* (citing *United States v. Malpeso,* 126 F.3d 92, 95 (2d Cir. 1997)). "Additionally, a number of courts of appeals have held that the failure of the defendant to raise a timely objection can be deemed a waiver in circumstances where the defendant 'consciously refrains from objecting as a tactical matter.'" *Id.* (quoting *United States v. Yu-Leung,* 51 F.3d 1116, 1122 (2d Cir. 1995)).

As discussed earlier, section 3 of the ROA, and not section 26, codifies the substantive right to a jury trial in Virgin Islands local courts after 1968. However, section 26 did not simply provide that "[a]ll criminal cases originating in the district court shall be tried by jury," but also provided that a jury trial would only occur "upon demand by the defendant or by the Government." 48 U.S.C. § 1616. Thus, the plain language of section 26 of the ROA differs from Federal Rule of Criminal Procedure 23, which mandates jury trials as the default rule unless the defendant has expressly waived that right.

---

[14] Pursuant to Superior Court Rule 7, "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Criminal Procedure."

Courts, however, have not spoken with one voice as to whether the 1968 amendments to section 3 implicitly repealed the procedural mandates of section 26 or left them intact. *Compare Parrott,* 476 F.2d at 1060-61 (holding, notwithstanding 1968 amendments to section 3, that section 26 of the ROA eliminates Federal Rule of Criminal Procedure 23(a)'s requirement that "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless . . . the defendant waives a jury in writing" and replaces it with a system in which the defendant must notify the court that a jury trial is desired) *with Gov't v. Nicholas,* 20 V.I. 179, 191-92 (D.V.I. 1983) ("Prior to August 1968, there was no right to a trial by jury in criminal cases in the Virgin Islands unless demanded. In 1968, Section 3 of the Revised Organic Act of 1954 was amended to provide its citizens with the right to an impartial trial by jury in criminal matters. The distinction lies in the fact that prior to the Organic Act bill of rights amendment an individual had to demand a jury trial whereas after amendment and the adoption of the Sixth Amendment the right became an inherent one unless waived.") (citations omitted). However, in this case the record conclusively establishes that Murrell complied with section 26 by demanding a jury trial at his arraignment. (J.A. at 2.) Therefore, since Murrell affirmatively demanded a jury trial, it is not necessary for this Court to determine, in the instant appeal, whether section 26 or Federal Rule of Criminal Procedure 23 governs the procedure for obtaining a jury trial in Virgin Islands courts, or whether section 26, if applicable, conflicts with the Sixth Amendment — which allows that right to attach by default without a demand — or renders the Sixth Amendment right to a jury trial different in the Virgin Islands than in other United States jurisdictions.

But while Murrell complied with section 26 of the ROA and Federal Rule of Criminal Procedure 23 when he demanded a jury trial at his arraignment, both of these provisions are silent as to the procedure the Superior Court must employ to determine whether a defendant's waiver of the right to a jury trial is valid *after* the right to a jury trial has been properly invoked. Moreover, the Superior Court lacks any rules that establish a procedure governing waiver of one's right to a jury trial. Pursuant to Superior Court Rule 7, "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court." During the pendency of the Superior Court proceedings in this

case,[15] the District Court's Local Rule of Criminal Procedure 23.1 established a clear procedure for how the right to a jury trial could be waived after it has been invoked. Accordingly, in the absence of any other local law to the contrary, the Superior Court was obligated to apply LRCR 23.1 to determine whether Murrell had properly waived his right to a jury trial.

██ Pursuant to the Local Rules of Criminal Procedure, "[o]nce a jury trial is demanded, it may be waived by *the defendant* if consented to by the court and the [government]." LRCR 23.1 (emphasis added). In addition to the plain language of Rule 23.1, appellate courts have consistently held that the right to a jury trial is of such importance that a trial judge may not rely solely on the defendant's attorney's statement that the defendant wishes to waive his right to a jury trial, but must speak to the defendant personally prior to accepting the waiver. *See United States v. Lilly*, 536 F.3d 190, 197 (3d Cir. 2008) (collecting cases from the First, Second, Fourth, Sixth, Seventh, Ninth, Tenth, and District of Columbia Circuit Courts of Appeals). Moreover, a defendant's participation in a bench trial cannot, without more, substitute for a waiver of the right to a jury trial. *See, e.g., Johnson v. State,* 994 So.2d 960, 964 (Fla. 2008); *State v. Feliciano*, 2010 Ohio 2809, ¶ 61 (Ohio Ct. App. 2010).

██ Here, we cannot conclude, based on the facts of this case, that Murrell waived his right to a jury trial. Significantly, the record of proceedings for the April 21, 2008 conference indicates that Murrell was not present when his attorney moved the Superior Court to invoke 14 V.I.C. § 4, and the transcript of the May 2, 2008 bench trial and the Superior Court's certified docket entries indicate that the Superior Court took no steps to ascertain that Murrell — as opposed to his attorney — had decided to rescind his prior demand for a jury trial. Therefore, given the importance of the right to a jury trial, as well as the fact that LRCR 23.1 required Murrell to personally waive his right to a jury trial yet the Superior Court failed to follow that procedure, we hold that Murrell, by

---

[15] Effective October 10, 2008, the District Court amended the Local Rules of Criminal Procedure to remove LRCR 23.1 and several other provisions. However, "this Court applies on appeal the . . . rules that were in effect at the time [the defendant] was tried in the Superior Court." *Blyden v. People*, 53 V.I. 637, 654 n.15 (V.I. 2010).

failing to object, only forfeited — and did not waive — his right to a jury trial.

## 2. *The Superior Court's Invocation of 14 V.I.C. § 4 Constitutes Plain Error*

 Because Murrell forfeited, rather than waived, his right to a jury trial, this Court may review the Superior Court's decision to invoke 14 V.I.C. § 4 for plain error. This Court has recently set forth the four elements that must be met in order to reverse a conviction under the plain error standard of review:

> [u]nder [Federal Rule of Criminal Procedure] 52(b), "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED R. CRIM. P. 52(b). Thus, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States,* 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (citations and punctuation omitted).

*Francis,* 52 V.I. at 390. As mentioned above, the Superior Court (1) acted contrary to 14 V.I.C. § 4 when it invoked that statute to order a bench trial for a charge of driving under the influence where the statute codifies a mandatory sentence; and (2) violated section 3 of the ROA·when it invoked 14 V.I.C. § 4 to hold a bench trial for the serious charges of negligent driving and driving under the influence. Moreover, with respect to the third *Olano* factor — that the error be of the sort that "affect[s] substantial rights" — courts have consistently held that the right to a jury trial is a substantial right, *see, e.g., People v. Jennings,* 268 Ill. App. 3d 439, 644 N.E.2d 1199, 1203 (1994) ("The right to a jury trial is a substantial right, and issues regarding the waiver of that right should be considered even when not properly preserved."); *State ex rel. Rhodes v. Simpson,* 325 N.C. 514, 385 S.E.2d 329, 331 (1989), and that the right is adversely affected when a jury trial is denied after it has been requested. *See, e.g., State v. Gomez,* 239 S.W.3d 733, 741

(Tenn. 2007). Accordingly, the first and third prongs of the *Olano* test are easily satisfied in this case.

 Nevertheless, to warrant reversal under the plain error standard of review, the Superior Court must not have only committed an error that adversely affects a substantial right, but a "plain" error. " 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' " *Olano*, 507 U.S. at 734. Accordingly, the United States Supreme Court has directed that "[a]t a minimum, court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *Id.* Thus, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent . . . directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

 Here, we find that all of the Superior Court's errors in this case rise to the level of plain error. With respect to its improper invocation of 14 V.I.C. § 4 on the driving under the influence charge, section 4, by its own terms, only authorizes the Superior Court to invoke its provisions in misdemeanor cases where a mandatory sentence will not be imposed. However, section 493(b)(1) of title 20 provides, in cases where the defendant was involved in a traffic accident while driving under the influence, for a mandatory fine upon conviction that a judge does not have any discretion to waive. Thus, because the explicit and unambiguous language of 14 V.I.C. § 4 expressly precluded the Superior Court from ordering a bench trial on that charge, the Superior Court's decision to invoke 14 V.I.C. § 4 on the driving under the influence charge notwithstanding the statutory language rose to the level of plain error and satisfies the second prong of *Olano*.

Similarly, this Court concludes that the Superior Court's violation of Murrell's right to a jury trial under section 3 of the ROA was also "clear under current law." Although neither this Court, the Third Circuit, nor the Appellate Division of the District Court had held that 14 V.I.C. § 4 violated the ROA prior to Murrell's trial, this silence cannot be construed as these courts approving of section 4, but can be attributed to no criminal defendant challenging the constitutionality of that statute in the more than twenty-five years since its enactment. Moreover, although three Superior Court judges in *Daly, Chandler,* and *Shallow* reached different interpretations on this issue in a short amount of time once the issue was raised, the existence of this split is not dispositive when the United States

Supreme Court's decisions in *Frank, Lewis, Baldwin, Duncan,* and *Blanton* expressly distinguished between "serious" and "petty" offenses, with the *Blanton* court expressly stating that the objective test mandates that a court "assume[] that a defendant convicted of the offense in question would receive the *maximum* authorized prison sentence," and that thus "[i]t is not constitutionally determinative . . . that a particular defendant may be required to serve some amount of jail time *less* than six months." *Blanton,* 489 U.S. at 544 (emphases in original). Finally, while this Court's decision in *Cheatham* that 14 V.I.C. § 4 "only appears to limit the *term* of incarceration, and thus . . . does not change the maximum *punishment,*" 2009 V.I. Supreme LEXIS 22, at *6 (emphases in original), was not issued until March 27, 2009 — approximately nine months after the Superior Court issued its July 17, 2008 Judgment — the holding of *Cheatham* was expressly based on the fact that "[t]he plain language of title 14, section 4 clearly states that a trial judge may 'limit the term of imprisonment to six months in prison' . . . ." *Id.* (quoting 14 V.I.C. § 4). Accordingly, we find that the right to a jury trial under section 3 of the ROA was plain, and the Superior Court's erroneous deprivation of Murrell's right to a jury trial thus satisfies the second prong of *Olano* because the Superior Court's decision was contrary to established United States Supreme Court precedent and the plain text of 14 V.I.C. § 4.

 Lastly, even when the first three *Olano* prongs have been satisfied, an appellate court may nevertheless not reverse a conviction based upon that error unless it also finds that "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson,* 520 U.S. at 467. However, "[e]ven where the guilt of a defendant is beyond dispute, denial of a jury trial undoubtedly implicates 'the fairness, integrity or public reputation of judicial proceedings . . . thereby constituting clear error.' " *Brown v. State,* 995 So.2d 698, 704 (Miss. 2008). Consequently, this Court shall reverse Murrell's convictions and remand the matter for a new trial.

### III. CONCLUSION

Because the offense of driving under the influence carries a mandatory sentence when it is alleged that the defendant was involved in an accident when committing that offense, the Superior Court violated 14 V.I.C. § 4 when it ordered a bench trial on that charge. Moreover, because invocation of 14 V.I.C. § 4 does not transform an otherwise "serious"

offense into a "petty" offense, the Superior Court also violated Murrell's Sixth Amendment right to a jury trial, applicable to the Virgin Islands pursuant to section 3 of the ROA, when it invoked 14 V.I.C. § 4 to order a bench trial on each count of negligent driving and driving under the influence. Since Murrell only forfeited, rather than waived, his right to a jury trial, and the Superior Court's errors rise to the level of plain error, this Court reverses the Superior Court's July 17, 2008 Judgment and remands the matter to the Superior Court for a new trial.